(39 Misc. Rep. 59.)

YULA v. NEW YORK & Q. C. R. CO.

(Supreme Court, Trial Term, Queens County. October, 1902.)

1. PRESUMPTIONS—FAILURE TO CALL WITNESSES.

In an action by a passenger on a street car for personal injuries, the fact that defendant railroad company did not call as witnesses passengers whose names were taken by the conductor at the time of the accident raises no presumption that they would have testified against the company if they had been called.

Action by Frank Yula against the New York & Queens County Railroad Company for damages by being thrown from a street car. Verdict for defendant. Motion for a new trial. Denied.

Joseph Fitch, for plaintiff.
W. E. Stewart, for defendant.

GAYNOR, J. The conductor testified that he took the names of passengers on the car at the time of the accident for witnesses; but none of them was called as a witness. Counsel for the plaintiff argued to the jury that it was the duty of the defendant to call them, and that the presumption of law was that if called their testimony, would be against the defendant. The court charged the jury that the defendant was under no duty to call them; that there was no such presumption, and that the case had to be decided on the evidence produced, and without regard to the failure of the defendant to call such passengers; and this was excepted to. I am aware of no rule creating such a presumption against a party, or even permitting the testimony he presents to be looked upon less favorably, for his failure to call other persons as witnesses, except in the case of witnesses in the employ of the party, or in some other way so related to or associated with him that the law presumes that they would be favorably disposed to him if called; and in such case it must be made to appear that such persons were witnesses of the occurrence in order that the presumption may arise at all. Passengers on a car do not come in such category in respect of either party in cases like this. Prudence dictates to each party to get their names, if possible, but failure to call them as witnesses amounts to nothing. I have not overlooked the case of Pronk v. Railroad Co., 68 App. Div. 390, 74 N. Y. Supp. 375. The reasoning there seems to be on the assumption that such presumption does arise against a party in respect of witnesses in no way connected with him; but I cannot believe that such a thing was really meant to be decided. The direct and easy answer to the proposition claimed there was, it is true, that the law allowed no such presumption. That the court instead of making such answer went on the theory that the law did allow it, and then reasoned out the case in favor of the respondent in another way which avoided the force of the point, should not suffice to establish a rule of law that such a presumption does exist.

Motion denied.

¶ 1. See Evidence, vol. 20, Cent. Dig. § 97.