(78 App. Div. 426.)

### LEVINE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.  January 23, 1903.)

1. CHILDREN—NEGLIGENCE OF PARENTS.
    Parents of a child 6½ years of age were not guilty of negligence in
    permitting the child to accompany his brother, 12 years of age, well
    acquainted with the city, on a visit to their aunt, in a different portion
    thereof.

2. SAME—IMPUTED NEGLIGENCE.
    Where a child 6½ years of age was killed by a street railway car while
    accompanying his brother, 12 years of age, from one part of the city to
    another, the negligence if any, of the elder brother, would be imputable
    to the child in an action to recover for his death.

3. SAME—STREET RAILROADS—INJURIES TO PEDESTRIANS.
    A boy 12 years of age, accompanied by decedent, his younger brother,
    left a north-bound street car after it, with other cars, had become block-
    aded, and waited on the curb until the cars had passed, when he started
    to cross the street, after looking and seeing a south-bound car by which
    his brother was struck a block away, but was himself compelled to jump
    out of the way of the car, which approached at an unusual and negligent
    rate of speed, without ringing the gong.  Held, that the elder boy was not
    guilty of negligence, as a matter of law, which, being imputed to de-
    ceased, would preclude a recovery for his death.

4. SAME—DUTY TO LOOK.
    Where decedent, in custody of his elder brother, attempted to cross a
    street in front of a street car which was a block away when they started
    from the curb where they looked, and saw the car, which approached
    at a high and negligent rate of speed, of between 14 and 15 miles per
    hour, without ringing the bell, whether decedent's brother was negligent
    in not looking a second time before reaching a point of danger was a
    question for the jury.

5. SAME—WITNESSES—DUTY TO PRODUCE—PRESUMPTIONS.
    Defendant requested the court to charge that, by plaintiff's failure to
    produce certain witnesses claimed to have been witnesses for plaintiff on
    a former trial, the jury might infer that their testimony would have been
    unfavorable to plaintiff.  It did not appear that the witnesses named had
    been witnesses on the former trial, and the court declined the request, and
    charged that if either side had under control witnesses who could testify
    to any material facts connected with the accident, and did not produce
    them, that fact might be considered by the jury, and added that it did
    not appear that both of the persons named in the request were witnesses
    at the former trial, but that the witnesses mentioned by defendant were
    under its control.  Held, that such instruction was not error.

    Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Mary Levine, as administratrix of the estate of Benja-
min Levine, deceased, against the Metropolitan Street Railway Com-
pany.  From a judgment in favor of plaintiff, and from an order de-
nying defendant's motion for a new trial, it appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
Maurice Untermyer, for respondent.

LAUGHLIN, J.  This is a statutory action to recover for the
death of Benjamin Levine, alleged to have been caused by the neg-

¶ 2. See Negligence, vol. 37, Cent. Dig. § 153.

ligence of the defendant. The decedent was 6½ years of age, and on the 16th day of August, 1901, he and his brother Philip, 12 years of age, were going from their home, on East Third street, to visit their aunt, who resided on Thirty-Ninth street, near Seventh avenue. They boarded a Broadway car, and after they passed Thirty-Fourth street it was delayed by a blockade of cars between Thirty-Fourth and Thirty-Fifth streets. Their car stopped a little south of Thirty-Fifth street; there being a car or two ahead of it, and three or four behind it, all between Thirty-Fourth and Thirty-Fifth streets. They alighted from the car, and walked to the northeast corner of Thirty-Fifth street and Broadway, intending to cross Broadway to the west. When they arrived at the Herald Building corner, the cars that had been delayed commenced moving north, and they remained standing near the curb until all of the blockaded north-bound cars passed. The evidence on the part of the plaintiff shows that the older boy then looked up, and saw a south-bound car at or on Thirty-Sixth street; that the boys then started westerly across Broadway on the line of the northerly cross-walk of Thirty-Fifth street, the older boy having the decedent by the hand; that Broadway was. asphalted, and there was no distinct crosswalk, the pavement forming the only crossing; that they walked at an ordinary pace; that as they reached a point between the north and south bound tracks, and near, at, or on the easterly rail of the south-bound track, the older boy looked up and saw the south-bound car almost upon them; that he hesitated for a moment, and then dropped his brother's hand and dashed across in front of the car, and escaped without injury, but the easterly side of the front of the car struck the decedent, inflicting injuries which resulted in his death; that the blockade of cars on the north-bound track had existed for about five minutes, and the car which struck the decedent was the first car that had passed on the south-bound track within the same or a greater length of time; that it was behind time, and was filled with passengers on their way to the races, and no passengers were waiting to board it on Thirty-Fifth street; that it was going very fast, its speed being such as to attract the attention and cause comment on the part of newsboys who were watching for the approach of south-bound cars for the purpose of selling newspapers containing entries for the races to the passengers; that the speed of the car was estimated by newsboys who had been accustomed to judge the speed of cars and to time them at 14 or 15 miles an hour; that no gong or bell was sounded, and the speed of the car was not slackened for the crossing; that the motorman gave no signal or warning and did nothing to slacken the speed of the car until after it struck the decedent; that it was a warm, bright day, and the track was dry; that there was a light down grade from Thirty-Fifth to Thirty-Sixth street; that the speed of the car was such that it was not stopped after the accident until the front part of it or all of it had passed entirely over Thirty-Fifth street; that the decedent was a bright boy, and his elder brother, who had him in charge, was also bright, and had been in school for many years, and was accustomed to go about the city alone; that the length of the block from the southerly line of Thirty-

Sixth street to the northerly line of Thirty-Fifth street is 212 feet 1½ inches, and from the southerly line of Thirty-Sixth street to the northerly cross-walk line of Thirty-Fifth street is 220 feet; that the distance from the easterly curb, where the elder boy says he looked and saw the south-bound car at or on Thirty-Sixth street, and where other witnesses say he was when they saw him look toward this car, to the east rail of the south-bound track on the line of the cross-walk,— being the line along which the boys traveled,—is about 31 feet.

Many of these material facts are controverted by the testimony presented on behalf of the defendant; but the testimony of the ·elder brother, and of two newsboys and a news proprietor of a stand, who were standing at the · southwesterly corner of Broadway and Thirty-Fifth street, and of another newsboy who was standing at the northeasterly corner of Broadway and Thirty-Fifth street, was sufficient to fairly justify the jury in finding that these are the circumstances under which the accident occurred. It is evident that the parents were not guilty of negligence in allowing the decedent to accompany his elder brother. It is not disputed that the decedent was too young to be chargeable with personal negligence. Undoubtedly the negligence of the elder brother, his custodian, would be imputable to him; but it cannot be said, as matter of law, that the elder brother was guilty of negligence. There were many facts established indicating the exercise of care and caution on his part. He testifies that he observed that the cars which were blockaded had begun to move, and he waited until they had all passed before venturing across; and in this case he is corroborated by other witnesses, who saw him looking up and down and observing these cars as they approached. He testified that after they passed he looked up and down before leaving the curb, and saw that the south-bound track was clear, except that this car, which was then on or at Thirty-Sixth street, was approaching; and in this he is also fully corroborated by other witnesses. Manifestly it was not negligence for him then to proceed across with his brother. If the south-bound car had not been approaching at such an unusual and negligent rate of speed, it is evident that they would have had ample time to pass the track in safety before it reached the crossing. The evidence justified a finding that the car, instead of approaching at a reasonable rate of speed, and being under control of the motorman when it reached the crosswalk, was approaching about seven times as fast as the decedent and his brother were walking, or 14 or 15 miles per hour. Whether, in these circumstances, it was negligent for the decedent's custodian not to look again before reaching a point of danger from the southbound car, was a question for the jury. The jury resolved that question in favor of the plaintiff. The evidence is somewhat conflicting as to whether, when the elder boy looked up and saw the southbound car upon them, as he says, the boys were then at a point of safety, or whether they were in a position where, if they remained, they would have been struck by the car. However that may be, it is clear from the evidence adduced in behalf of the plaintiff that they were either at a point of danger, or dangerously near it; and, in view of the reckless speed and manner in which the car was approach-

ing, according to the plaintiff's witnesses, it cannot be said, as matter of law, that the elder brother should have exercised cool, collected judgment, and should have stepped back, and pulled his brother back, to avoid the car which was almost upon them. We are of opinion, therefore, that both questions of negligence became questions of fact, and were properly submitted to the jury.

The defendant's counsel requested the court to instruct the jury that for the failure of the plaintiff to produce as a witness on this trial one George Borst, claimed to have been a witness for the plaintiff on a former trial, "the jury may infer" that his testimony, if given, would have been unfavorable to the plaintiff. The court declined this request, and the defendant excepted. We think this was not error. There is no reference in the record to George Borst as having been a witness on a former trial. One of the defendant's witnesses testified that at the time of the accident he was talking to a hackman named Boyle, who he said was a witness for the plaintiff on the last trial. Doubtless the request was intended to refer to this witness, but this is all the record discloses concerning him; and it is disclosed, as has been seen, by the testimony of one of defendant's witnesses. It does not appear what Boyle's relations to either party was, nor does it appear what the nature of his testimony was. The mere fact that a witness was called by a party on a former trial imposes no obligation on the party to either call him or explain his absence on a subsequent trial. The request of the defendant in this regard, as first presented, related to two witnesses; and the court, in declining that request, stated correctly the general rule "that if either side had under control, and within their command, witnesses who could testify as to any material facts connected with this accident, and did not produce such witnesses, that fact may be taken into consideration by the jury," and further added that it did not appear that both of the persons named in the request were witnesses on the former trial, and also said, "It does not appear here but that each of the witnesses mentioned by you are under the control of the defendant, and subject to its subpœna." The defendant also excepted to these last remarks of the court. We find nothing in the record to show that these statements made by the court were not correct. There is no reference in the record to one of the persons thus referred to as witnesses. The failure of either party to produce these witnesses, if they were witnesses on a former trial, gave rise to no presumption or inference, and there was no prejudicial error in what the court said. There was nothing from which the jury could infer, one way or the other, as to what testimony was previously given by these witnesses, or that they could give material evidence on either side of the case.

It follows that the judgment and order should be affirmed, with costs. All concur, except VAN BRUNT, P. J., and INGRAHAM, J., who dissent.