## MEYER v. MINSKY.

(Supreme Court, Appellate Division, First Department. November 13, 1908.)

1. EVIDENCE (§ 76*) — FAILURE OF PARTY TO TESTIFY FOR HIMSELF — EFFECT—
ADMISSIONS.

When a party who is present in court fails to take the stand to rebut evidence of facts reflecting on him which are necessarily within his personal knowledge, the jury may infer that his testimony would not have

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been favorable to himself; but it is error to charge that his silence was a positive admission of the truth of the evidence of the other party.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 96; Dec. Dig. § 76.*]

2. EVIDENCE (§ 94*)—BURDEN OF PROOF—SHIFTING OF BURDEN.

The burden of proof is not shifted by the failure of a party in court to take the stand in his own behalf, if it originally rested upon the other party; the only result of such failure being to justify an inference that his testimony would have been unfavorable to himself.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 94.*]

Appeal from Trial Term, New York County.

Action by Margaret Meyer against Louis Minsky. From a judgment for plaintiff, defendant appealed. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Matthias Radin, for appellant.

John J. O'Connell, for respondent.

SCOTT, J. The defendant appeals from a judgment in favor of plaintiff, entered upon a verdict, and from an order granting a new trial. The action is brought to recover damages suffered by plaintiff in consequence of certain false and fraudulent representations alleged to have been made by defendant, whereby plaintiff was induced to deposit a sum of money in the Federal Bank when it was insolvent and upon the eve of bankruptcy. The plaintiff was the sole witness as to the representations. Her cross-examination was directed to showing that she had testified somewhat differently upon other occasions. The defendant was in court during the trial, but did not testify. At the request of the plaintiff, the court charged the jury:

"That, in view of the presence of the defendant Minsky in court and the failure to put him on the witness stand, the jury may find, from such presence and from such failure to put him on the stand, that if he were put upon the stand he would testify in favor of the plaintiff."

This was stating the rule much too strongly. Undoubtedly the fact that a party to the action who is present in court declines to take the stand to rebut evidence of facts reflecting upon him and necessarily within his personal knowledge is one which the jury are entitled to take into consideration, and from which they may infer that his testimony would not be favorable to himself. People v. Hovey, 92 N. Y. 554–560; People v. Sharp, 107 N. Y. 427–465, 14 N. E. 319, 1 Am. St. Rep. 851. The burden of proof, however, if it originally rested upon the opposite party, still remains there, and the silence of the party refusing to take the stand is not to be accepted as affirmative corroborative evidence in favor of his opponent. Under the charge quoted above, the jury were in effect instructed that the defendant's silence constituted a positive admission of the truth of the story told by the plaintiff; whereas the most that can be said of it was that it entitled the jury to infer that, if called, he would not testify favorably to himself. The distinction is a substantial one, and, in view of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

plaintiff's testimony upon cross-examination, we cannot say that the erroneous charge did not influence the verdict.

The judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.