(129 App. Div. 563.)

### REEHIL v. FRAAS.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. EVIDENCE (§ 75*)—PRESUMPTIONS—EVIDENCE WITHHELD.
   Failure of a party to produce evidence which would conclusively determine the fact in dispute may give rise to a conclusive presumption of law that the fact is as claimed by the adverse party.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 95; Dec. Dig. § 75.*]

2. EVIDENCE (§ 75*)—PRESUMPTIONS—EVIDENCE WITHHELD.
   Failure of a party to produce mere oral evidence is a fact to be considered in determining how much weight, if any, should be given to the evidence he has produced.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 95; Dec. Dig. § 75.*]

3. EVIDENCE (§ 77*)—PRESUMPTIONS—FAILURE TO CALL WITNESS.
   It is not the duty of a party to produce every witness he can; but it is for the jury whether failure to produce a witness authorizes an inference that the fact is not as the party claimed it to be, or is as claimed by the adverse party.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 97; Dec. Dig. § 77.*]

4. EVIDENCE (§ 77*)—PRESUMPTIONS—FAILURE TO CALL WITNESS.
   The rule that failure of a party to produce evidence is a fact to be considered in determining how much weight, if any, should be given to the evidence produced, applies only to witnesses who are within the power of the party to produce and subject to a subpoena, and whose testimony would not be trivial or merely cumulative, but important, and of whom it may be naturally inferred that they are of good will to the party.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 97; Dec. Dig. § 77.*]

5. EVIDENCE (§ 77*)—PRESUMPTIONS—FAILURE TO CALL WITNESS.
   No presumption arises against a party, sued for injuries due to being knocked down by his horse and wagon, because he did not call as a witness a boy who was a stranger to him and who was riding about with his driver.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 97; Dec. Dig. § 77.*]

   Miller and Woodward, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Edward Reehil against John F. Fraas. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
114 N.Y.S.—2

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Alfred A. Wheat (Theodore H. Lord, on the brief), for appellant.
Henry M. Dater (George F. Elliott, on the brief), for respondent.

GAYNOR, J. The action was for damages for the alleged negligence of the defendant in knocking the plaintiff down in the street with his business horse and wagon. It appeared in evidence that at the time of the accident there was a boy riding about in the wagon, with the defendant's driver who was going from place to place on the defendant's business. He was not in the employ of the defendant, but a stranger to him, had no right to be in the wagon, and was probably a distraction to the driver there. The driver was called as a witness by the defendant but this boy was not called. He was present during the trial to the knowledge of both sides. In summing up the learned counsel for the plaintiff stated in substance that if the defendant wanted the truth he would have called this boy as a witness; that if the driver told the truth he could have corroborated him; that it was the defendant's duty to call him as a witness. The learned counsel for the defendant objected to this at the outset, and at intervals afterwards, but the court overruled the objections, and allowed counsel for the plaintiff to reiterate and discuss the matter in this tenor at length. This was error.

1. Failure of a party to produce evidence which would conclusively determine the fact in dispute may give rise to a conclusive inference, i. e., to a presumption of law, that the fact is not as he claims it to be or is as claimed by the other side; as where a party fails to produce a chattel or a writing which is in his possession and would, if produced, show the fact indisputably. For instance, in the case of Armory v. Delamirie, 1 Strange, 505, where the chimney sweeper's boy found a jewel and took it to a goldsmith for appraisal, who refused to give it back, in an action of trover against him the jury were instructed by the Chief Justice that for failure of the defendant to produce the jewel in court so that its quality could be seen, they should presume the strongest against him and make the value of a jewel of the first water the measure of damages; and in the case of Young v. Holmes, 1 Strange, 70, which was ejectment for a leasehold, and the terms of the lease were in dispute, the Chief Justice ruled that for failure of the defendant to produce the lease, which was in his possession, "he would intend it made against the defendant."

2. But in the case of failure to produce mere oral evidence, the rule necessarily falls short of this, for oral evidence is not indisputable and conclusive, but depends on "slippery memory" and honesty. The rule in respect of failure of a party to produce oral evidence is that such failure is a fact to be considered in determining how much weight, if any, should be given to the evidence which he has produced. Lord Mansfield expressed it orally from the bench, but only in outline, thus:

"It is certainly a maxim that all evidence is to be weighed according to the proof which it was in the power of one side to have produced, and in the power of the other to have contradicted." Blatch v. Archer, Cowp. 63.

This is the condensed and imperfect version of the reporter. The limitations which it is subject to become obvious on examination of the subject.

3. The question is one of inference for the jury—or for the trial judge, if there be no jury; i. e., it is not an inference or presumption of law, but one of fact (Sugarman v. Brengel, 68 App. Div. 377, 74 N. Y. Supp. 167); and its degrees are infinite, from slight to very strong or irresistible. It does not grow out of any duty on the part of litigants in respect of calling witnesses or of testifying themselves. There is no such duty, although counsel for the plaintiff told the jury there was. For instance, in the case of Bleecker v. Johnston, 69 N. Y. 309, where the two defendants were partners, and were sued in a partnership matter, but only one of them testified, although it appeared that the other had equal knowledge of the fact in dispute, the trial judge charged the jury that:

"It is the duty of every party, in prosecuting their case before the jury, to produce every witness who can convey any light to the jury which will aid them in considering the evidence."

For this rigid and lofty conception the case was reversed. A passage of the opinion illustrates the true rule, viz.:

"It was not left to the jury to say whether, under the circumstances, the absence of the defendant was suspicious, so as to authorize an unfavorable inference, but they were told that it was the duty of the defendants to call him."

Since the other defendant did not corroborate the one who testified, it was for the jury to consider that fact, and if it inferred that he did not because he could not, to say from that what weight they should give to the latter's testimony, or whether they should believe it at all; and the same is the case in respect of a witness as of a party.

4. The rule of course has its limits. It only applies to witnesses who are "within the power of the party," as it is expressed, which means at hand and subject to a subpœna, and whose testimony would not be trivial, or to be classed as merely cumulative, but important and necessary; and it is for the party to account for the absence of such witnesses by evidence in order to escape the unfavorable inference. It does not apply to all such witnesses, but only to those of whom it may be naturally inferred that they are of good will to the party, such as his business partners or associates, his employés, his physician, and the like; and of course such inference may be rebutted. Partners might be at enmity, etc. It does not apply to witnesses who appear to be, or may naturally be supposed to be, biased against him; nor to strangers, i. e., persons of whose disposition in respect of the parties or the cause nothing is known or can be inferred or presumed. A party is not obliged to take chances in calling such witnesses, or witnesses of whose character he knows nothing; for by calling a witness a party vouches to some extent for his character, as is the well-known rule. For instance, the failure of a railroad company to call passengers who were present when the occurrence happened, in an action against it for negligence, gives rise to no unfavorable inference or presumption against it. Yula v. New York, etc., R. Co., 39 Misc.

Rep. 59, 78 N. Y. Supp. 770. It is sometimes said by text-writers and in judicial opinions that in the case of absent witnesses who are equally available to both parties the rule does not apply. This, like very much else on this subject, is taken from inadvertent expressions in judicial opinions here and there. For instance, the biased witnesses of one party may be equally known and available to the other, but he certainly is not expected to call them, and his failure to do so cannot give rise to any inference against him, or relieve the other party of the inference against him for not calling them. It must be owned that there are in judicial opinions in some of our states inadvertent utterances on different points of the subject under discussion, which the text-writers probably do an ill service in helping to keep alive by indiscriminate citation. The whole subject is treated with ability and research in a recent unusual text-book (Moore on Facts, vol. 1, § 562, et seq.); and other text-books and cases in our own courts, in addition to those cited above, may be here cited for the foregoing, with the caution that some text-writers through citing isolated and not well-considered expressions in opinions, do not clearly keep the rule within the safe limits which have on the whole been adhered to in this state, and are necessary to prevent it from working injustice. Indeed, after reading all there is on the subject in a recent voluminous text-book, one may well be bewildered, owing to the collection of crude, inadvertent and contradictory material. Schwier v. N. Y. C. & H. R. R. Co., 90 N. Y. 564; Sugarman v. Brengel, supra; Levine v. Met. St. R. Co., 78 App. Div. 426, 80 N. Y. Supp. 48; Minch v. New York, etc., R. Co., 80 App. Div. 324, 80 N. Y. Supp. 712; Ferrari v. Interurban St. R. Co., 118 App. Div. 155, 103 N. Y. Supp. 134; Greenleaf on Ev. vol. 1, § 195b; Wigmore on Ev. vol. 1, § 285 et seq.

5. To say that it is always for the jury to draw any inference they see fit from the failure of a party to call any witness, whoever he may be, is obviously erroneous. There must certainly be a rule of law on the subject, i. e., a rule which says that an inference is permissible in a given case of failure to call a witness, but not permissible in another. The law of the matter cannot be left to the jury. For instance, if the plaintiff omit to call the defendant as a witness, or one who is on the defendant's side, who is classed as biased against the plaintiff and in favor of the defendant, it will be conceded that no unfavorable inference therefrom can be drawn against the plaintiff. It follows that there is a line somewhere; and in the decision of this case that line has to be located and defined, to see on which side of it the case is. The actual course of a trial in respect of the question under consideration brings it to an exact point, which the trial judge cannot and an appeal court should not evade by generalities. It is a daily occurrence for a party to call witnesses to show why he did not call certain persons who are disclosed by the course of the trial to be witnesses of the fact, in order to prevent an unfavorable inference against him—such as that they are absent, sick, seduced by the other side by money, convicts, persons of bad character, and the like. Now, what witnesses has a party to account for in this way? Certainly not every witness who is revealed by the course of the trial and not called.

The trial judge has to rule with precision on the question when it arises. Must a street railroad company in an action against it for damages for a street injury call the bystanders and passengers who were known to it to have been present at the accident, as is revealed by the course of the trial? Must the trial judge rule that it was for it to prove an excuse for not calling such strangers in order to escape being subject to an unfavorable inference? Is a green grocer obliged to call a stranger or idler who gets on his delivery wagon and rides in it in its rounds talking with and distracting his driver, and quite likely the cause of the accident? It is certainly not so understood and not the practice in the trial courts. On what theory must a party either call such persons as witnesses or else account for not calling them in order to escape having opposing counsel and the trial judge tell the jury that for not calling them they may draw an unfavorable inference as to the truth of the evidence produced by such party? And if he must, where does such obligation to excuse himself end? We have never decided any such thing in this state, but have kept the rule within its proper limits.

6. In charging the jury the learned trial judge gave it as his opinion, evidently after reflection, that no unfavorable inference could be drawn against the defendant for not calling the witness, but added that he left that to the jury "as one of the questions of fact in this action." This opinion was correct, but the error was not cured, but an additional error committed, for it was not a case for any inference, as has been seen, and the jury should have been so told, instead of being left free by this instruction to accept the argument of the plaintiff's counsel that it was the "duty" of the defendant to call the witness, and that for failing to do so the jury might infer that the evidence for the defendant was not trustworthy.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event.

JENKS and RICH, JJ., concur.

MILLER, J. (dissenting). The only serious question in this case is whether the plaintiff's counsel had the right to comment on the fact that the defendant did not call as a witness the young man who was sitting on the seat with the driver when the accident occurred. If it was permissible to draw any inference from the failure to call such witness, it was a legitimate subject of comment, and the judgment cannot be reversed merely because erroneous conclusions or unwarranted inferences were drawn by counsel. The widest latitude must be allowed counsel in the discussion of any pertinent fact. Williams v. Brooklyn Elev. R. R. Co., 126 N. Y. 96, 26 N. E. 1048.

Mr. Justice GAYNOR has plainly shown that the rule applicable to the failure to call a witness is different to the rule applicable to the suppression of evidence, and that the inference in the former case is one of fact. But I do not think the cases cited by him go to the extent of limiting the application of the rule to witnesses who may

naturally be supposed to favor the party against whom the inference is sought to be drawn. As I read those cases, they are authority for the proposition that no presumption arises from the failure to call a witness who might naturally be expected to give material testimony, but that the jury may consider the failure to call the witness in connection with the surrounding facts and circumstances and draw such inferences as they think warranted, which they may consider in weighing the other testimony in the case. The rule was thus stated by Mr. Justice Jenks, writing for this court:

"From the facts that an accessible witness who might in the nature of things corroborate the plaintiff on a material point was not called, the jury were not bound to infer that the witness would not corroborate the plaintiff. The jury might consider the failure to call such a witness and their inference might logically follow that the omission was due to the fact that the plaintiff would not be corroborated by the witness, but there is no such presumption which attaches to the mere omission to call a witness who might corroborate." Sugarman v. Brengel, 68 App. Div. 377, 74 N. Y. Supp. 167.

While that case only involved the correctness of the judge's refusal to charge that a presumption arises from the failure to call a witness, the opinion shows that the authorities were carefully considered, that the rule was deliberately stated, and that the friendly relation of the witness to the party was not deemed an essential element. The case of Levine v. Metropolitan St. R. Co., 78 App. Div. 426, 80 N. Y. Supp. 48, is distinguishable from this, in that in that case there was nothing from which the jury could infer that the witness could give material testimony on either side of the case.

It must not be overlooked that the failure to call a witness does not supply evidence, but may only be considered by the jury in determining the weight to be given the other evidence in the case, and that the inference is one of fact, hence peculiarly for the jury. The rule is founded on common experience that a party will usually make as strong a case as he can, and hence will usually make use of all the material evidence within his reach, favorable to his side. The fact that a party is not bound to and might hesitate to give character to a stranger is only one of the many circumstances which may be considered. The natural inclination of a witness in favor of either side is an element, but not a necessary element. A party cannot be expected to call a hostile witness or one friendly to the other side, for the obvious reason that he cannot be supposed to know what the witness will swear to, and hence will not take the risk of a surprise, unless compelled to do so by the exigencies of the case; but, if the witness be friendly, the party will be supposed to know all that he will swear to, and will run no risk of a surprise, and hence, if such a witness be left off, the inference will be stronger than as though he appeared to be neutral. But the rule is not to be limited to such witness, unless it be on the supposition that a party can only be expected to call witnesses who will shade their testimony in his favor, or, at most, not against him.

Obviously, the rule is not based on the probability of the witness committing perjury. The question in a given case is: What, according to common experience, would a party be likely to do? That question cannot be defined by a line. The jury must be permitted to deter-

mine whether any inference at all shall be drawn from a given state of facts, its strength, if one is drawn, and the effect to be given to it in considering the other evidence in the case. Of course, there is always the preliminary question of law for the court whether any facts are shown which may justify an inference. But it is not possible to define those facts with precision. If it appears that a witness could presumably have given material testimony, and if facts or circumstances are shown from which reasonable men might draw an inference that either party would, in the usual course, have called the witness unless his testimony would have been unfavorable to his side, it is for the jury to say whether any inference is to be drawn, and, if so, what. It has been held in other jurisdictions that, where a witness is equally accessible to both parties, it is for the jury to say under all of the circumstances what the fair inference is from the failure of either to call him, and that either party may argue that the witness was not called by his opponent because his testimony would have been unfavorable. Harriman v. Reading, etc., St. R. Co., 173 Mass. 28, 53 N. E. 156; Mitchell v. Boston & Maine R. R., 68 N. H. 96, 34 Atl. 674.

Weiss, the witness in question in this case, was sitting on the seat with the defendant's driver and it may fairly be inferred that he saw the accident from the same viewpoint as the latter, and presumably he could have corroborated the driver if the latter gave a truthful version of the transaction. There was a sharp conflict in the testimony upon the crucial question of fact in the case. Weiss was called as a witness by the defendant on the first trial. That did not require the defendant to call him again; but it was a circumstance to be considered in connection with the other circumstances. He was in court on the second trial, and hence was equally within reach of both parties. I think, under those circumstances, the plaintiff's counsel was at liberty to comment on the failure of the defendant to call him.

There certainly is no danger that the jury in this case were led astray for lack of definite instruction from the court. I quote the following from the charge of the learned trial judge:

"This witness was not under the control of the defendant. This witness sat right here in the courtroom. He could have been called by either party. So far as it appears, he was not employed by the defendant. He was not in the control of the defendant, and, therefore, under those circumstances, gentlemen, I do not think you can draw any inferences against the defendant from the fact that he did not call that witness, any more than you can draw an inference against the plaintiff from the fact that he did not call that witness. It is only in cases where the evidence is peculiarly in the power of one of the parties that such an inference as that will be permitted. In my opinion, no inference can be drawn either way from the fact that the witness was not called. In my opinion, he was not called because neither party was satisfied with his evidence. I leave that all to you as one of the questions of fact in this action."

We should not assume that the jury accepted statements made by counsel in the heat of argument in place of the careful and deliberate instruction of the court. The question had to be left to the jury, and the defendant cannot complain of the charge.

WOODWARD, J., concurs.