## REITER v. ZIEGLER.

(Supreme Court, Appellate Term.   February 24, 1910.)

EVIDENCE (§ 76*)—SUFFICIENCY—INFERENCES.

    Where, in an action for personal injuries, the defense was nonidentification with the accident, and a boy, testifying for plaintiff, identified defendant as the person, and said that he had a wagon drawn by two horses, which caused the injury, and defendant was merely asked whether he owned a wagon drawn by two horses, the jury were entitled to take defendant's silence as indicating that he would not have been able to contradict the essence of plaintiff's story.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 96; Dec. Dig. § 76.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Action by Rebecca Reiter against Adam Ziegler. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Frank V. Johnson (Louis Cohn, of counsel), for appellant.
Charles S. Rosenthal, for respondent.

WHITNEY, J. Plaintiff, according to her testimony, was sitting on a box on the sidewalk close to the curb, facing the tenement where she lived, when she was hit by the head of a horse and knocked off into the gutter; the wagon running over her arm. The identification of the defendant with the accident rests on the testimony of a boy, whose testimony in other respects is of such a character that defendant claims that it should be disregarded altogether. But defendant thereafter went on the witness stand in his own behalf, and was not asked whether he was present, or whether such an accident occurred. He was merely asked to testify that he owned no wagon drawn by two horses; that being the number stated by the boy. A previous witness remembered but one horse to have been attached.

The jury was entitled to take defendant's silence as indicating that he would not have been able to contradict the essence of the plaintiff's story. Stover v. People, 56 N. Y. 315; People v. Hovey, 92 N. Y. 554; McGuire v. Hartford Fire Insurance Co., 7 App. Div. 575, 589, 591, 40 N. Y. Supp. 300, and cases cited; Meyer v. Minsky, 128 App. Div. 589, 112 N. Y. Supp. 860. And see Reehil v. Fraas, 129 App. Div. 563, 114 N. Y. Supp. 17, and cases cited. Their verdict indicates that they did so. The injuries to her arm are not described. The arm was exhibited in the presence of the trial judge, and his ruling that the verdict was not excessive must stand. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.