(161 App. Div. 95)

## NEALE v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.  March 6, 1914.)

EVIDENCE (§ 77*)—PRESUMPTION—FAILURE TO CALL WITNESS.

Where a witness for defendant testified to making a complete examination of plaintiff in the presence of B., and plaintiff testified he made no such examination, but told B. he would take B.'s findings, there is no presumption, from plaintiff not calling B. as a witness, that his testimony would have been adverse to her.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 97; Dec. Dig. § 77.*]

Appeal from Trial Term, Kings County.

Action by Maud Neale against the Nassau Electric Railroad Company. From a judgment for plaintiff, and from an order denying her motion for new trial for inadequacy of the verdict, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Raymond D. Fuller, of New York City, for appellant.

D. A. Marsh, of Brooklyn, for respondent.

RICH, J. The plaintiff appeals from a judgment in her favor in an action to recover for personal injuries in consequence of the negligent operation of one of defendant's trolley cars upon which she was a passenger, and likewise from an order denying plaintiff's motion to set aside the verdict upon the grounds that the verdict was for inadequate and insufficient damages, and upon the exceptions taken on the trial.

The accident was due to a collision between two of defendant's cars, one of which was carelessly operated. The defendant concedes its liability, and the only serious question in controversy relates to the nature and extent of the injuries plaintiff sustained. At the time of the trial she was suffering from several more or less serious physical ailments, and the question as to whether her condition was caused by the accident was in dispute. If her present physical condition is due in its entirety to the accident, the verdict of $1,000 is grossly inadequate. We are not to pass upon the question, however, as to whether the plaintiff failed to sustain the burden of establishing, by a fair preponderance of the evidence, that the accident was a competent producing cause of her present condition, because the judgment must be reversed upon another ground, and whether the verdict is against the weight of the evidence is of no concern.

Upon the trial, Dr. Arthur C. Brush was sworn as a medical expert for the defendant, and gave evidence tending to show that the plaintiff's present physical condition was not entirely due or attributable to the accident. The weight to be given to his testimony depended largely upon the determination of whether an examination he made of the plaintiff in the presence of a Dr. Barber was complete and thorough, and that by such examination he ascertained actual existent con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ditions upon which he based his expert medical conclusion. He testified that his examination was full, complete, and thorough, and stated in detail the conditions he found. The plaintiff denied that he made any such examination as he described; she said he told Dr. Barber that he would take his findings.

Dr. Barber seems to have been present in court on the first day of the trial but not after that day. He was not called as a witness, and no attempt was made to explain his absence, and the evidence was closed with this conflict in the testimony between the plaintiff and defendant's expert. Dr. Barber was not called to corroborate the testimony of either.

At the conclusion of the main charge, the court, at the request of counsel for the defendant, instructed the jury that, because of the failure to call Dr. Barber, they might consider that his testimony would have been adverse to the contention of the plaintiff if he had been called. This instruction permitted the jury to give much greater weight to the testimony of Dr. Brush and was prejudicial to plaintiff. The plaintiff made out a prima facie case. She was under no obligation to call the doctor, and her failure to produce the witness did not necessarily raise any presumption against her. Reehil v. Fraas, 129 App. Div. 563, 114 N. Y. Supp. 17; Sugarman v. Brengel, 68 App. Div. 377, 74 N. Y. Supp. 167; Eldridge v. Terry & Tench Co., 145 App. Div. 560, 129 N. Y. Supp. 865; Bleecker v. Johnston, 69 N. Y. 309. The court subsequently said to the jury:

"As to the absence of the doctor, I have charged you that if he be a witness in the power of the party, and having been in court and not having been called, you may take that into consideration whether he would testify in plaintiff's favor or not. The presumption of law is that when he does not come here, and he is within the power of the party to bring, you may consider that he would testify adversely to that party."

I know of no such presumption, and the statement of the learned court did not cure the error but added another.

The judgment and order must be reversed, and a new trial granted; costs to abide the event. All concur.