---

PEOPLE v. KINGSLEE.

(Supreme Court, Appellate Division, Third Department. March 3, 1915.)

1. RAPE (§ 59*)—TESTIMONY OF PROSECUTRIX—CORROBORATION—INSTRUCTIONS.
   In a prosecution for rape in the second degree, in which the evidence showed that defendant was a widower living with his daughter, and that prosecutrix was working for him, and that the daughter was a telephone operator working nights, which left defendant and the prosecutrix in the house alone at night, the refusal to charge that the fact of being alone with defendant was not corroborative of her testimony violates Pen. Code, § 283, requiring the testimony of prosecutrix to be corroborated, where the court had stated in the charge that the people claim that this evidence, along with other mentioned evidence, was corroborative of her testimony.
   [Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 88–100; Dec. Dig. § 59.*]

2. CRIMINAL LAW (§§ 419, 420*)—EVIDENCE—SURRENDER OF DEFENDANT BY BONDSMEN.
   In a prosecution for rape, it is error to admit testimony that defendant's bondsmen, who were his cousins, surrendered him, though the district attorney stated he introduced it only to show what took place when they surrendered him, as there were other ways of eliciting the evidence desired.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 973–983; Dec. Dig. §§ 419, 420.*]

Appeal from Warren County Court.

Dell Kingslee was convicted of rape in the second degree, and he appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Fred A. Bratt, of Ft. Edward, and Lyman Jenkins, of Glens Falls, for appellant.

James S. Kiley, of Glens Falls, for the People.

SMITH, P. J. [1] The defendant is charged with the crime of rape in the second degree, through having had sexual intercourse with a female, not his wife, under 18 years of age. The defendant, a widower, was living with his daughter, who during the times in question was working nights for the telephone company. The complain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant, one Myrtle Maloney, was a young girl 14 years of age, who went to work at the defendant's house and lived there during June, July, and August, 1914. By reason of the daughter's absence at work the defendant and the complainant occupied the house alone during most of this time, and the complainant swears that in June, 1914, the defendant came to her room and had illicit relations with her, which afterwards resulted in her pregnancy. Upon trial there were sharply contested questions of fact, and we cannot say that the verdict of guilty was not justified by the evidence. There was some evidence, however, of affectionate relations existing between the complainant and a young man, and the defendant stoutly denied his guilt. The crime is a serious one, and the defendant is entitled to all the safeguards with which the law has encompassed him upon such a trial. One of those safeguards is found in section 283 of the Penal Code, which provides that no conviction can be had for rape upon the testimony of the female defiled unsupported by other evidence. In charges of this nature the authorities have so strictly construed this law that the people are required to corroborate the story of the complainant as to every essential element of the crime. This safeguard of the law was clearly set out in the charge of the learned county judge, but the county judge then said:

"The people claim that the testimony of the complainant's sister, Nellie May, the testimony of Charles Burge that the complainant was during the entire month of June, 1914, a resident of the defendant's house and a part of his household, and was during nearly all that month living at the defendant's house and stayed with him alone during the nights, and no one in the house except complainant and defendant, is corroborative evidence of the story of the complainant."

Defendant's counsel later asked the court to charge:

"That the mere fact that, under the circumstances, this defendant was alone in the house some of the nights during the period between June and August with the complaining witness, Myrtle Maloney, is not a corroboration of the charge of rape in the second degree."

This the court refused to charge, and to its refusal the defendant excepted. I am of opinion that the refusal to so charge was error, and that by reason of this error the jury has been authorized to convict the defendant upon the uncorroborated testimony of the complainant. It cannot be possible that the corroboration required by the section of the Penal Code referred to can to any extent rest upon the mere opportunity for the commission of the offense. To so hold would, in my judgment, be a most dangerous doctrine, and would practically nullify the protection to which by this section of the law a defendant is entitled. It is no answer for the district attorney to say that, although not sufficient corroboration to satisfy the requirement of the law, nevertheless it is some evidence in corroboration. The whole effect of the charge as made, and of the refusal to charge as requested by defendant's counsel, was to authorize the jury to find the defendant guilty upon the testimony of the complainant corroborated by the fact of her having lived in the house with the defendant alone during the time in question. The statement in the prevailing opinion in People v. Terwilliger, reported in 74 Hun, 310, 26 N. Y. Supp. 674,[1]

[1] Affirmed by Court of Appeals, see 142 N. Y. 629, 37 N. E .565.

as to the corroborating force of opportunity, has little significance in view of the facts in that case which were then being discussed, and in that case there was a vigorous dissent by one of the judges holding that there had been no corroboration shown. The question thus presented was upon the trial of this action a vital one, in view of the sharp conflict of evidence upon every other fact shown by the people in corroboration of the complainant's testimony.

[2] While for this error we think the judgment must be reversed, there is evidence in the case, erroneously admitted over the defendant's objection and exception, which might well have been much more mischievous than this ruling of the court. Upon cross-examination the defendant was asked by the district attorney whether his first bondsmen had surrendered him. To this an objection was taken. The district attorney explained that the only object of showing it was to show what took place when they surrendered him. The court overruled the objection, and an exception was taken. It appears elsewhere in the case that the defendant's first bondsmen were his cousins. The fact that the defendant's own cousins upon his bond chose to surrender him would be most cogent hearsay evidence, which would have well-nigh controlling influence with the jury, and yet such evidence is wholly inadmissible. It is hearsay evidence and the opinion only of these bondsmen. Mischievous as this evidence was, it is not justified by the explanation of the district attorney that he wanted to show what took place there. He might well have asked whether the declarations claimed to have been made by the defendant were not made in the presence of these men at this time, without asking that the purpose of their visit was to surrender him upon their bond. This fact should not have been injected into the case by the district attorney. When hearsay evidence, fraught with so much significance, is sought to be introduced by the district attorney, the justification must rest upon undoubted right, and defendant should not be subjected to the hazard of the inference which would naturally be drawn therefrom, unless the fact were necessarily shown by the district attorney as a foundation for other evidence which might properly be shown. In my judgment the defendant is entitled to another trial upon this indictment, and the judgment should be reversed and the case remitted to the County Court of Warren County for a new trial.

Judgment of conviction reversed, and action remitted to the County Court of Warren County for retrial. All concur.