# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

## October 31, 1919.

# THE PEOPLE v. AUGUST ABRAITIS.

### (189 App. Div. 312.)

RAPE*—ABDUCTION AND ASSAULT—CHARGE—CORROBORATION OF COMPLAIN-
ING WITNESS.

In a prosecution for rape in the second degree, abduction, and assault
in the second degree, it is reversible error for the court to refuse to
charge that disclosures made by the complaining witness of the alleged
fact that the defendant had sexual intercourse with her are not to be
taken as corroborative evidence such as the statute requires, and it is also
error to refuse to charge that the fact that the defendant had been
"keeping company" with the complainant, and was at the place where
the alleged offense is stated to have taken place, is not of itself the
corroboration required by the statute.

Said errors in the refusal to charge were not cured by the fact that
the court properly charged the jury as to the necessity of corroborating
the testimony of the complaining witness, where it stated that it
declined to assume the jury's prerogative, or pick out any particular part
of the evidence as corroboration, or as failure of corroboration.

The rule that the charge of the court must be considered as a whole
and its correctness is not to be resolved upon isolated parts is applied
only when it can be seen with reasonable certainty that errors in an
isolated part, or parts, neither misled the jury nor influenced their
verdict.

Upon the aforesaid specific requests to charge it was the duty of the
court to declare whether said testimony was evidence of corroboration.

APPEAL by the defendant, August Abraitis, from a judg-
ment of the County Court of Kings county, rendered against
him on the 20th day of December, 1918, convicting him of the
crimes of rape in the second degree, abduction and assault in
the second degree, and also from an order entered in said clerk's

---

* See note, 27 N. Y. Crim. 279.

office on the 13th day of March, 1917, denying his motion for a new trial upon the ground of newly-discovered evidence.

*Harry H. Oshrin,* for the appellant.

*Ralph E. Hemstreet, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

JENKS, P. J.:

The defendant was found guilty in the County Court upon an indictment for rape in the second degree, abduction, and assault in the second degree. He comes to this court with a certificate of reasonable doubt. The count for rape charged sexual intercourse with a female not his wife, under the age of eighteen years. (Penal Law, § 2010.) The court refused under exception to charge that disclosures by the complainant of the alleged fact that the defendant had sexual intercourse with her are not to be taken as corroborative evidence such as the statute requires. (Penal Law, § 2013.) The court refused under exception to charge that the fact that the defendant was " keeping company " with the woman and " was at the place where the alleged offense is stated to have taken place, is not of itself the corroboration as required by the statute." (Id.) The requests presented sound propositions of law. (People v. Carey, 223 N. Y. 519; People v. Kingsley, 166 App. Div. 320, 33 N. Y. Crim. 70.)

The learned and able assistant district attorney does not gainsay the law of the requests, but submits that the court did not charge otherwise and contends that the terms of the refusals did not indicate that the court thought that the requests were unsound. And the counsel points out that the court, in comment upon the requests, said that it had already charged on the subject of corroboration and that it declined " to assume your [the jury's] prerogative and pick out any particular part of the

evidence as corroboration or as failure of corroboration," but that it submitted " the whole question, whether on all the evidence here presented there is corroboration." It is true that prior to these requests the court had said that as to the counts of rape and abduction " it is requisite that there be corroboration, because the unsupported testimony of the complaining witness, the young girl, as to the elements that go to make up the crime, would not be sufficient—that must be corroborated " —but nothing more. And it is true that after the jury had retired and had returned to the court room for instruction as to " what is meant by corroborative evidence " the court did explain the nature of corroborative evidence in general terms that are not exceptionable. The rule that the charge of the court must be considered as a whole, and its correctness is not to be resolved upon isolated parts to which we are cited, is applied when it can be seen with " reasonable certainty " that error in an isolated part of parts neither misled the jury nor influenced their verdict. (People v. Dimick, 107 N. Y. 26, 5 N. Y. Crim. 185; People v. McCallam, 103 id. 587.) I cannot conclude " with reasonable certainty " that the court's disposition of the subject of corroborative evidence undid the harm that was inherent in the refusals of the said specific requests. The facts remain that the court had refused to charge that opportunity was not of itself corroboration that the statute requires; that the disclosure of the alleged fact that defendant had sexual intercourse with the complainant " is not to be taken as corroborative evidence such as the statute requires." These requests were not limited to the asking of the court to disintegrate the testimony for the purpose of instruction as to isolated parts thereof, but asked for instructions that certain kinds of testimony were not evidence of corroboration within the contemplation of the said statute.

I think it was the duty of the court upon such requests to declare whether certain testimony was evidence of corroboration; yet we find that the court in effect refused to rule because

it would not pick out parts of the testimony. When the court declined to exercise its " prerogative " upon the theory that it would not interfere with the " prerogative " of the jury, the court in effect cast its duty upon the jury.

As I think these exceptions well taken were fatal to the judgment, I advise that the judgment and order of the County Court of Kings county be reversed and a new trial ordered.

MILLS, RICH, KELLY and JAYCOX, JJ., concurred.

Judgment of conviction of the County Court of Kings county and order denying motion for a new trial reversed and new trial ordered.