## THIRD DEPARTMENT, JANUARY, 1929.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* GEORGE BURNHARDT, Appellant.*

Judgment of conviction affirmed. Van Kirk, P. J., Hinman, Davis and Whitmyer, JJ., concur; Hasbrouck, J., dissents, with an opinion.

HASBROUCK, J. (dissenting). The question as to whether or not the defendant was guilty on the facts cannot be properly disposed of until it is ascertained whether he has had a fair trial. If the jury were improperly instructed to his prejudice and the prejudice raised were great enough to influence the verdict it may not be that he had such trial. On the subject of rape the court charged the jury as follows: " As a matter of law in this case, that if you are satisfied beyond any reasonable doubt that the defendant did commit this act, that there has been sufficient testimony to establish the fact that there was penetration." It will be conceded that this charge standing alone is incorrect. The defendant having objected to the language above quoted, the court continued: " No conviction can be had for rape upon the testimony of the female who was defiled unsupported by other evidence. And I charge you, as a matter of law in this case, that if you are satisfied beyond any reasonable doubt that the defendant committed this crime, there is sufficient corroboration to justify a conviction; that is, corroboration coming from the other witnesses, if you believe the evidence as to those facts — if you believe the evidence as to those facts in connection with penetration." To the jury " those facts " were not pointed out. But the determination of whether the testimony as to facts is corroborative or not is a question of law for the court and not for the jury. (*People* v. *Page*, 162 N. Y. 272, 275.) The jury were thus made the judges of the law and the facts. They were instructed to find corroboration in the evidence without having the corroborative evidence pointed out. This duty was neglected by the court. Such duty is set forth in the Cyclopedia of Law and Procedure (Vol. 33, p. 1512): " The jury should be instructed as to what facts may be considered in corroboration, and the nature and effect of such evidence." (*State* v. *Parker*, 134 N. C. 209; 46 S. E. 511.) The necessity of pointing out what evidence was corroborative becomes apparent when one considers that Fannie French Morse, the superintendent of the Training School for Girls at Hudson, swore: " Then I interviewed in turn each of the other girls and in the main her story was corroborated." The palpable error of the trial court was to permit the jury to find as matter of law what evidence in the case was corroborative of the fact of penetration. The court on the subject of the production by the defendant of cumulative testimony charged: " You may con-

* Affd., 251 N. Y. —.

sider * * * that the Stupplebeen girl and the young brother of the defendant, Burnhardt, whose birthdays it is alleged by the defendant occurred on the 19th of January, and that he was there * * * a greater part of that evening — you may consider the fact * * * that the defendant has not produced here in court that young girl and that young man to substantiate his story, and no explanation has been given of the failure to produce them." That was a charge in effect that it was the duty of the defendant to explain the absence of these two cumulative witnesses. There can be no quarrel with the proposition that where a party has witnesses within his control who were available to controvert damaging evidence against the defendant the evidence given and not controverted may be taken most strongly against the party who might have controverted it but failed to do so. (*Perlman* v. *Shanck*, 192 App. Div. 179, 183; *Bleecker* v. *Johnston*, 69 N. Y. 309, 313; *Neale* v. *Nassau Electric R. R. Co.*, 161 App. Div. 95, 97.) But there is no question here regarding the failure to controvert testimony given. Here the defendant, besides himself, has produced Rose Wood, his sister-in-law, Royal Stupplebeen, his brother-in-law, Caroline Stupplebeen, his sister and Elmer Russel, a carpenter, to prove that the defendant attended the party on January nineteenth, given for the girl eleven years old and the young man about twenty. The defendant may well have thought that the quantum of evidence supplied by him was enough. The testimony which could be given by the little girl and the young man in any event was merely cumulative. (*People* v. *Superior Court of New York*, 10 Wend. 285, 298.) The rule with regard to the production of cumulative testimony is quite different from that which arises upon the necessity to contradict or controvert evidence against a defendant. Judge Gaynor in an opinion of singular clarity on this subject of the duty of a party to produce a witness says when it is " ' In the power of the party ' * * * and whose testimony would not be trivial, or to be classed as merely cumulative, but important and necessary * * * it is for the party to account for the absence of such witnesses by evidence in order to escape the unfavorable inference." (*Reehil* v. *Fraas*, 129 App. Div. 563, 566; revd. on the facts, 197 N. Y. 64.) If I am right that if the witnesses named in the judge's charge who were not produced were merely cumulative then no presumption, no inference unfavorable to the defendant could be drawn from the failure to produce them. Then there rested on the defendant no duty of explaining away their absence and it was error to leave with the jury the impression that the defendant must explain or that an inference or presumption might arise against him for failure to adduce cumulative testimony. (*Bleecker* v. *Johnston*, supra; *Neale* v. *Nassau Electric R. R. Co.*, supra; *Eldridge* v. *Terry & Tench Co.*, 145 App. Div. 560, 565.) Here we see the very patent vice of the charge. It gives to the People the benefit of testimony not produced in saying: " You may consider the significance of the evidence not produced and the witnesses that have not been produced." That is to say: " They might infer that his testimony would be adverse to the defendants, thus permitting the jury to give the plaintiff the benefit of the evidence of the unsworn witness, as if he had given evidence in his favor." (*Bleecker* v. *Johnston*, supra.) It seems to me that the case shows proper objections and exceptions to the charge so far as it related to corroborative evidence and that it was so unfair with regard to the duty of the defendant to produce cumulative evidence that it cannot be said the jury was not misled. (*People* v. *Abraitis*, 189 App. Div. 312, 314.) I vote for a reversal of the judgment of conviction and a new trial.