JAMES M. CARPLES, Appellant, v. NEW YORK AND HARLEM RAILROAD COMPANY, Respondent.

*Negligence — damages to the time of trial — allegation of special damage — under what allegation the plaintiff may prove loss of earnings — the respondent's exceptions are not before the appellate court.*

In all actions for damages, those which have been sustained up to the time of the trial may be recovered, except those which may be special in their nature, in respect to which an allegation of special damage must be made in the complaint.

Under an allegation that he was compelled to remain away from his business for six weeks, and was deprived of the use of his foot and otherwise injured, the plaintiff, in an action brought to recover damages for personal injuries caused by the alleged negligence of the defendant, is entitled to prove that his loss of earnings was the result of his absence from business — it being one of the natural and necessary results of the injury.

Upon an appeal by the plaintiff from a judgment entered upon a verdict rendered in his favor, the defendant's exceptions are not properly before the court, and the Appellate Division cannot, therefore, consider the question whether the trial court erred in denying the defendant's motion to dismiss the complaint upon the evidence.

APPEAL by the plaintiff, James M. Carples, from a judgment of the Supreme Court in favor of the plaintiff, for the sum of $397.36, entered in the office of the clerk of the county of New York on the 27th day of October, 1896, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of October, 1896, denying the plaintiff's motion for a new trial made upon the minutes.

*J. Tredwell Richards*, for the appellant.

*Payson Merrill*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages for personal injuries sustained by the plaintiff through the negligence of the defendant in being thrown from one of the defendant's cars while attempting to enter as a passenger thereon.

Upon the trial of the case the plaintiff attempted to prove his damages up to the time of the trial. This evidence was excluded and an exception taken. We think this was error. While the

plaintiff, perhaps, had not made such allegations in his complaint as would justify him in claiming damages for permanent injuries, he certainly had the right to prove such injuries as he had sustained up to the time of the trial. It is a principle too familiar to need the citation of authority that in all actions for damages those which have been sustained up to the time of the trial may be recovered, except those which may be special in their nature, in which case an allegation of special damage in the complaint is necessary. In the case at bar the evidence offered was of the ordinary character which naturally pertains to injuries of the description sustained by the plaintiff; and he was entitled to receive compensation therefor if he made out his cause of action.

The plaintiff also attempted to prove loss of earnings during a certain period as a result of the injury. It seems to us that the allegations contained in the complaint were ample to support proof of this description. The plaintiff alleged that he was compelled to remain away from his business for about six weeks, and was deprived of the use of his foot and otherwise injured. He was, therefore, entitled to show what his loss of earnings was because of his absence from business, such absence being one of the natural and necessary results of the injury.

There are other exceptions to the exclusion of evidence which also seem to be well taken, but which it is not necessary to consider particularly here.

The answer which the respondent makes to the plaintiff's appeal is that upon the evidence the complaint should have been dismissed and the plaintiff was not entitled to any recovery whatever. It seems to us that that question cannot be considered here, as the defendant's exceptions to the rulings of the court are not properly before us, and for the purposes of this appeal it must be assumed that there was a right of recovery in some amount. The questions which are presented upon this appeal might have been raised by a bill of exceptions which contained none of the evidence, and consequently it would be impossible to determine the question which is sought to be brought to our attention by the counsel for the respondent. As above stated, the respondent's exceptions not being properly before the court, we cannot consider the proposition that the court erred in its ruling in not dismissing the complaint.

. The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

BARRETT, RUMSEY and O'BRIEN, JJ., concurred; INGRAHAM, J., concurred in result.

Judgment reversed, new trial ordered, costs to appellant to abide event.