(30 Misc. Rep. 438.)

### FITZGERALD v. ELSAS PAPER CO.

(Supreme Court, Appellate Term.   February 8, 1900.)

MASTER AND SERVANT—OBVIOUS RISK.
> Where plaintiff, about 16 years old, slipped from a platform on which he was standing while feeding a cylinder press on which he had worked long enough to be charged with obvious perils, and his leg was injured by a cogwheel, he was not entitled to recover for such injury, whether the wheel was guarded or not, as required by the factory act, since, being of a discretionary age, he waived the protection of the act by continuing to work on the press.

Appeal from municipal court, borough of Manhattan, First district.

Action by John Fitzgerald, by Elizabeth Fitzgerald, his guardian ad litem, against the Elsas Paper Company.   From a judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Nadal, Smyth, Carrere & Tafford, for appellant.

MacLEAN, J.   The plaintiff, about 16 years of age, brought this action, by his guardian, to recover damages for personal injuries received in the employment of the defendant.   He testified that while feeding a cylinder press he slipped from a box or platform upon which he was standing; that a cogwheel caught the knee of his trousers, and tore his leg.   Whether that wheel was or was not guarded according to the requirements of the factory act, does not appear.   Assuming, however, that it was not, it does appear that the plaintiff was of discretionary age, and had worked at that press sufficiently long to be charged with obvious perils, and so could and must be held to have waived the protection of the act by accepting the employment, and working and continuing to work upon such a machine.   Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367.   The judgment must, therefore, be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.

---

(47 App. Div. 479.)

### HICKS v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department.   February 3, 1900.)

1. INFANTS—SUI JURIS—NEGLIGENCE.
> A 9 year old girl testified that on stepping from the curbstone she saw a street car coming towards her; that she looked up because she thought she might get run over if she did not look; that she knew the car was a dangerous thing; that when she saw the car coming she thought she could get across; and that, as she stepped over the first rail, she knew nothing more.   *Held*, that she was sui juris.

2. EVIDENCE—PRESUMPTIONS.
> Where a child was injured at a crossing by a street car, and the motorman was not called as a witness, it raises a presumption of his negligence.

**3. STREET RAILROADS—INJURY TO PEDESTRIAN.**
Plaintiff, 9 years old, attempted to cross a street in a well-settled portion of a city, at a cross walk, in front of a car about 127 feet distant. When the motorman saw her, he brought the car to a standstill within 10 or 15 feet of the cross walk where she was struck. *Held*, that the refusal of an instruction which assumed that there was nothing in the situation to justify her in the belief that the car would be brought under control before it arrived at the walk was proper. as at variance with the evidence.

**4. TRIAL—INSTRUCTIONS.**
A refusal of a request to charge, where the court had already charged the matters requested so far as they were established by the evidence, was not error.

**5. STREET RAILROADS—CONTRIBUTORY NEGLIGENCE.**
Plaintiff's failure to defer crossing until the car had passed, or to continue to watch the car, did not constitute contributory negligence as a matter of law, but was a question for the jury.

Appeal from trial term, New York county.

Action by Emily Hicks, an infant, by John Hicks, her guardian ad litem, against the Nassau Electric Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

John L. Wells, for appellant.
William S. Maddox, for respondent.

GOODRICH, P. J. In June, 1898, the plaintiff, a girl of 9 years, while going to school, was run over by a car of the defendant, and thereby received injuries so severe as to necessitate the amputation of one of her legs at the knee joint. The accident occurred at the corner of Stockholm street and Central avenue, Brooklyn, and at the time the car in question was running along Central avenue in a northerly direction, and at a high rate of speed. The child desired to cross Central avenue from the easterly to the westerly side. On the direct examination she testified:

"I got to the corner, and I stepped down the curbstone. At that corner I saw a car coming down the street. It was right by the Indian, the Indian head,—that image of an Indian, on Central avenue [by measurement, 127 feet distant]. * * * I saw the car, as I stood there, coming towards me opposite the Indian. Q. State what you did from that time on. A. I walked right on to school, and the car came. I stepped over the first rail, and I don't know any more from that."

On cross-examination she testified:

"I looked up and down for the car because I thought maybe I would get run over if I didn't look up and down. I knew that the car was a dangerous thing, and I saw the car. * * * When I saw that car coming at that distance, I thought maybe I could get across before it come, so I stepped down on the curbstone; had my foot over that track; and that is all I remember. I didn't run; I walked. Q. Didn't you walk very fast? A. Not too fast, and not too slow; just right. I did not walk fast; just right; not too fast and not too slow. Q. I know, but did you walk fast or did you walk slow? A. Pretty—not too fast."

After such testimony the learned court committed no error in charging the jury, at the request of the defendant, that the child was sui juris. We have, then, the case of a child attempting to

cross a street at a cross walk, after seeing a swiftly approaching car, 127 feet distant, with no evidence that she again looked or paid any further attention to the approaching car. The only exception which seems to us to require serious consideration was taken when the defendant excepted to the refusal of the court to charge its request, as follows:

"If the plaintiff, when she was at the curb, saw the car at that time, a distance of 127 feet, coming at what was or what appeared to her to be a very high or dangerous rate of speed, with no effort being made to check its progress, and with nothing in the situation which justified her in believing that the car would be brought under control, and then if she persisted and proceeded to walk on towards the track to cross, without looking or listening, and without any effort to learn if the dangerous speed of the car had been changed, then she was guilty of negligence, and cannot recover."

This request assumed that the plaintiff knew the following facts when she first saw the car and attempted to cross the tracks: (1) The car was 127 feet distant. (2) It was coming at a high and dangerous speed. (3) No effort to stop its progress was being made. (4) There was nothing in the situation to justify her in the belief that it would be brought under control. (5) She crossed without again looking or listening, and without any effort to learn whether the dangerous speed had been modified. The refusal of this request requires a consideration of two questions,—whether there was evidence to support the facts assumed, and whether the court had not already charged the same or equivalent propositions.

First, as to the evidence. The first, second, and fifth statements of assumed fact are based on the plaintiff's own testimony, as well as on the other evidence in the case. Several witnesses testified as to the distance of the car from her as she stood at the curb, and as to its high rate of speed. As to the third statement, the defendant called no witnesses. It is familiar doctrine that the failure of an employer to call a witness who was in his employ at the time of the accident, and is presumed to be friendly, and to have some knowledge of the accident, without any attempt to explain the reason of the failure, raises a strong presumption that the testimony of the employé would be damaging to such party. Gordon v. People, 33 N. Y. 501; Schwier v. Railroad Co., 90 N. Y. 558; People v. Hovey, 92 N. Y. 554. We must assume, therefore, that the motorman made no effort to check the speed of the car until the moment the plaintiff was struck by the fender. It remains necessary to consider only the fourth statement,—that there was nothing to justify the plaintiff in the belief that the car would be brought under control. We find no evidence to support this assumption of fact. Leaving out the question of the tender years of the child, and even though she was sui juris, can it be held that she was bound to consider at all the question whether or not the car, while running a distance of 127 feet, would be brought under control, where there is evidence that when the motorman saw the child he actually did bring the car to a standstill within 10 or 15 feet of the cross walk where the plaintiff was struck? How can it be said that the plaintiff possibly could possess knowledge utterly at variance with the evidence, and was bound by such knowledge? The request was not

in accord with the facts disclosed by the evidence, and there was
no error in the refusal to charge, for it cannot be said, as matter
of law, that, even on the statements of the request, the plaintiff
was guilty of contributory negligence. Besides, the request ignored
the fact that the plaintiff received her injury at a cross walk, where
she had the right to assume that especial care would be taken by
those in charge of an approaching car to prevent injury to persons
crossing; all the more that the cross walk was on the further side
of the street from the approaching car.

Next, as to whether the court already had not properly charged
as to the facts disclosed by the evidence. The court referred to
the plaintiff's testimony that she saw the car 127 feet distant, com-
ing at a high rate of speed, and as to the distance she had to go be-
fore getting entirely across the tracks, and said:

"Was it careless in her, seeing that approaching car, coming at a high rate
of speed, to cross, and to assume that the rate of speed would be lessened in
approaching that crossing? It was the duty of the defendant, through its serv-
ants, in approaching that crossing, to have its car under control, and to exer-
cise care that pedestrians, in attempting to cross at that point, could safely
cross. That was their duty. Was it negligence on her part to attempt to cross
assuming that that duty would be discharged?"

We think the charge, in effect, covered the statements of the de-
fendant's counsel assumed in the request to charge, so far as they
were established by the evidence. It cannot be said, as matter of
law, that, under the evidence, the plaintiff was guilty of contribu-
tory negligence. While she was sui juris, she can only be held to
such a degree of care as a child of her years and character would
reasonably be expected to exercise. May not a child of that age,
desiring to cross a street at a cross walk on the further side of a
street, towards which a car 127 feet distant is rapidly approaching,
assume that the car will slow down before crossing the cross walk,
so as to enable him to go from the curb at one end of the cross
walk to a place 1 foot beyond the further track,—a total distance
of about 16 feet, as shown by the diagram,—without being guilty
of contributory negligence? Must he look at the car again, under
such circumstances? It will be observed that the request assumed
that the car was 127 feet away. Now, a car running 15 miles an
hour moves 1320 feet each minute, or 22 feet each second, and
127 feet in about 6 seconds. Must a person, about to cross a street at
a cross walk, walking "not too fast and not too slow; just right,"
as the plaintiff testified, and seeing a car which will require 6 sec-
onds to reach him, defer his crossing until the car has passed, or
must he continue to watch the car, or even look again before cross-
ing the rails, provided he cross with ordinary speed? We must
not lose sight of the fact that the plaintiff was using a cross walk
in a well-settled portion of the borough, and that the defendant
was bound to exercise greater diligence than is required in outlying
and thinly-settled districts, and not at cross walks of intersecting
streets. Dunican v. Railway Co., 39 App. Div. 497, 57 N. Y. Supp.
326. An examination of numerous cases cited by both parties con-
firms our views that the evidence required the court to submit to

the jury the question whether the plaintiff was guilty of contributory negligence.

The writer of this opinion, while believing that the verdict is excessive, yields to his associates on that point.

Judgment and order affirmed, with costs. All concur.