## MINCK v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. PERSONAL INJURY CASE—FAILURE TO SUBPŒNA ATTENDING PHYSICIAN—INSTRUCTIONS.

There being no evidence that the physician who attended plaintiff for the injury for which she sues was subpœnaed, and she admitting that he had testified on a former trial that he found nothing to indicate that she had been injured, except what she told him, defendant is entitled to an instruction that the jury may consider his absence as a fact bearing on plaintiff's right to recover.

Appeal from municipal court, borough of Queens, Second District.

Action by Ann E. Minck against the New York & Queens County Railway Company. From a judgment on a verdict for plaintiff, defendant appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

George F. Hickey, for appellant.
John J. Trapp, for respondent.

WOODWARD, J. This is an action to recover damages for injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. The plaintiff undertook to prove that she was injured through being thrown to the pavement by the sudden starting of one of the defendant's cars, on which she was a passenger, and from which she was in the act of alighting. She testified that she was hurt by the fall, and detailed the character and extent of her injuries.

It appears from the plaintiff's testimony that immediately after her fall she was attended by a Dr. Goodrich, who treated her for her injuries, and who was still treating her at the time of the trial. Dr. Goodrich was not present at the trial, and his absence was not adequately accounted for. There is no evidence that he was subpœnaed. The plaintiff and her counsel stated that they had sent him word to be at the trial, but neither of them gave any reason for his absence. The plaintiff, upon her cross-examination, admitted that Dr. Goodrich had testified on a previous occasion that he found nothing to indicate that the plaintiff had been injured, except what she told him.

"Defendant's Counsel: I take an exception to that portion of your honor's charge regarding the doctor, and I will ask your honor to charge the jury, in view of the admission of the plaintiff that the doctor stated that there were no external marks of injury upon her at the last trial, that the jury may consider his absence at this time owing to the lack of proof that he was subpœnaed to be here this morning. The Court: There is no evidence before me that he was subpœnaed. As to what he testified to on the former trial cannot be considered by this jury. Defendant's Counsel: I do not ask them to consider that. I said in view of that testimony—"

The court refused to charge as requested, and the defendant's counsel excepted. We think this was error. The court was not asked to instruct the jury that the doctor's absence created a presumption that, if present, he would not corroborate the plaintiff's testimony as to her injuries; the request was merely that the jury might be

directed to consider the plaintiff's failure to produce this witness as a fact bearing on the plaintiff's right to a judgment, and on the amount of that judgment. The rule that entitled the defendant to have the jury charged as requested has recently been declared by this court in Sugarman v. Brengel, 68 App. Div. 377, 74 N. Y. Supp. 167, where it is said by Mr. Justice Jenks:

"From the fact that an accessible witness who might in the nature of things corroborate the plaintiff on a material point was not called, the jury were not bound to infer that the witness would not corroborate the plaintiff. The jury might consider the failure to call such a witness, and their inference might logically follow that the omission was due to the fact that the plaintiff would not be corroborated by the witness, but there is no such presumption which attaches to the mere omission to call a witness who might corroborate."

This statement of the rule is deduced from the leading cases on the subject, which are cited and analyzed in the Sugarman Case. Kleecker v. Johnston, 69 N. Y. 309; Hicks v. Nassau Electric R. R. Co., 47 App. Div. 479, 62 N. Y. Supp. 597; Gordon v. People, 33 N. Y. 501; Schwier v. N. Y. C. & H. R. R. R. Co., 90 N. Y. 558; People v. Hovey, 92 N. Y. 554; Cushman v. De Mallie, 46 App. Div. 379, 61 N. Y. Supp. 878. It is approved in Pronk v. Brooklyn Heights R. R. Co., 68 App. Div. 390, 74 N. Y. Supp. 375. In view of the plaintiff's admission concerning previous statements of Dr. Goodrich as to her injuries, the failure to call him as a witness might be regarded by the jury as sufficient not only to permit but to compel an inference unfavorable to the plaintiff, if they had been allowed to consider the fact. It is clear that the error was prejudicial to the defendant, and the judgment must be reversed and a new trial ordered.

Judgment reversed, and new trial ordered.

Judgment of the municipal court reversed, and new trial ordered, costs to abide the event. All concur.