KIRKPATRICK v. ALLEMANNIA FIRE INS. CO. OF PITTSBURGH, PA.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

1. TRIAL—INSTRUCTIONS—INTEREST OF WITNESS—INFERENCES FROM FACTS.

In an action by a corporation on a fire policy, where the defense was incendiarism on the part of insured's officers, the court instructed that in weighing the testimony of an officer the jury might consider that he might be deemed a biased witness, and one of those charged with conspiracy to defraud the insurers, and that, if independent fires were found after the fire broke out, they might infer that the fire was started by human agency. Such statements were made in response to requests of counsel at the close of the charge, after the court had left it entirely to the jury to find the facts and to draw such inferences therefrom as they might think the evidence warranted. *Held*, that the instructions in question were not erroneous.

2. TRIAL—FAILURE TO CALL WITNESS—INFERENCE.

While no presumption arises from failure to call a witness, a jury may draw such inferences as they think warranted by the evidence from the failure of a party to call any witness who might reasonably be expected to shed light on the issues.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 97.]

Appeal from Trial Term, Suffolk County.

Action by John J. Kirkpatrick against the Allemannia Fire Insurance Company of Pittsburgh, Pa. From a judgment for defendant and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

William B. Ellison (Arnold L. Davis, on the brief), for appellant.
Edgar J. Nathan (Michael H. Cardozo, on the brief), for respondent.

MILLER, J. The plaintiff, as assignee, brings this action against the defendant to recover on an insurance policy a loss claimed to have been sustained by a corporation, the Abbey Press, from fire, and appeals to this court from a judgment in favor of the defendant, entered upon the verdict of a jury.

The only issue litigated was as to the origin of the fire, the defendant claiming that the fire was caused by the insured for the purpose of defrauding the insurance company. The Abbey Press was a corporation of which one Carlos Martin was president and Charles F. Rideal was treasurer, the two owning all of the stock except a sufficient amount to qualify a bookkeeper as secretary. The claim of the defendant was

that Martin and Rideal, acting in conspiracy with and through the instrumentality of one Max Hart, had the property insured, and then caused the fire for the purpose of defrauding the insurance companies. The plaintiff insists upon this appeal that there was no evidence either that the fire was of incendiary origin, or that the insured, the Abbey Press, was responsible for it. The court submitted it to the jury to find for the defendant only in case they found that the fire was purposely set, with the knowledge or approval of the officers of the Abbey Press. The jury have found that the fire was of incendiary origin, produced with the knowledge and approval of the officers of the insured, and, after carefully examining the evidence, I am convinced that that finding is fully warranted.

The appellant also insists that errors were committed in the charge, wherein the court stated:

"In weighing the testimony of Mr. Rideal you may consider that he may be deemed a biased and interested witness and one of the officers of the Abbey Press, charged with conspiracy to defraud the insurance companies." Also: "If the jury find from the testimony that independent fires were found in the premises of the Abbey Press shortly after the fire broke out, they may reasonably infer that such fire was started by human agency, and not accidentally."

I do not think the court invaded the province of the jury by these statements. Although pointing out to the jury what inference might be drawn from a given state of facts, the language used by the court clearly left it to the jury to draw such inferences as they deemed warranted. It is to be noted that these statements were made in response to requests of counsel at the close of the charge, after the court had very fully and fairly outlined to the jury the question for them to determine, leaving it entirely to them to find the facts, and to draw such inferences therefrom as they might think the evidence warranted.

Exception was also taken to the following:

"The jury has a right to presume that, if the plaintiff has failed to call witnesses within his control who could testify to facts material to those in issue, his testimony, if given, would not have been favorable to the plaintiff's case," and that "in considering the case the jury may consider the fact that the plaintiff did not call Max Hart or Carlos Martin."

It will be noted that counsel only excepted to so much of the charge as refers to Martin, by implication assenting to the correctness of the rule stated, excepting only to its application to said Martin. I think the exception presents no ground for reversal. It will be noticed that the court did not charge that there was any presumption arising from the failure to call a witness within the control of the party, only charging that the jury had a right to presume, etc., which clearly left it for the jury to draw the inference or not as they saw fit, which I think is the correct rule as indicated by Bleecker v. Johnston, 69 N. Y. 309, and Sugarman v. Brengel, 68 App. Div. 377, 74 N. Y. Supp. 167. The court did not charge that said Max Hart and Carlos Martin were persons, the failure to call whom gave the jury the right to draw inferences unfavorable to the plaintiff, but clearly, taken as a whole, left it for the jury to say whether they were persons whom the plaintiff could naturally be expected to call, and, if so, whether any unfavorable in-

ference should be drawn from the fact that they were not called. While no presumption arises from the failure to call a witness, I understand that a jury may draw such inferences as they think warranted by the evidence from the failure of either party to call any witness who might reasonably be expected to shed light on the transaction.

I do not think any errors were committed prejudicial to the plaintiff, and the judgment and order appealed from should therefore be affirmed, with costs. All concur.