Edward P. Reehil et al., as Executors of Edward Reehil, Deceased, Appellants, *v.* John F. Fraas, Respondent.

Appeal — erroneous order of Appellate Division reversing judgment of Trial Term "on questions of law only" — when exceptions to remarks of counsel not reviewable in Court of Appeals.

Where an order of the Trial Term was reversed by the Appellate Division "on questions of law only," and none of the exceptions presents reversible error, the order of the Appellate Division must be reversed and judgment of the Trial Term affirmed.

Exceptions to the remarks of counsel in summing up are addressed to the discretion of the trial court and the Appellate Division, and raise no question of law for review by this court. The Appellate Division, in such case, could have reversed on the facts.

*Reehil* v. *Fraas*, 129 App. Div. 563, reversed.

(Argued December 7, 1909; decided December 17, 1909.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

December 30, 1908, which reversed a judgment in favor of plaintiffs entered upon a verdict and an order denying a motion for a new trial and granted a new trial.

This action was brought to recover damages for personal injuries alleged to have been sustained through the negligence of an employee of the defendant.

*Henry M. Dater* and *George F. Elliott* for appellants.

*Theodore H. Lord* and *Lyman A. Spalding* for respondent.

*Per Curiam.* None of the defendant's exceptions to rulings upon evidence, or upon instructions to the jury, presents error, justifying the reversal of the judgment by the Appellate Division. Hence, as the order appealed from states that the reversal was "on questions of law only," it must be reversed and the judgment of the Trial Term affirmed. The errors principally insisted upon by the appellant below and respondent here, and which are discussed in the opinion below, relate to exceptions taken by the defendant to the remarks of the plaintiffs' counsel in summing up his case to the jurors. These exceptions were addressed to the discretionary powers of the trial court and of the Appellate Division, and they raise no question of law for review by this court. If counsel exceed the limits, set by good faith, or by fair dealing, in their comments on the testimony, the facts, or the incidents of the trial, the broad powers of the Appellate Division enable that court to order a new trial, if it is considered that the verdict has been unduly affected and that the rights of a party have been prejudiced. Upon the theory of the reasoning in the prevailing opinion below, the court should have reversed upon the facts; in which case a new trial would follow, which, presumably, would be freed from the objections pointed out.

The order appealed from should be reversed and the judgment of the Trial Term affirmed, with costs in both courts to the appellants.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Ordered accordingly.