## FREYHAN v. KAHN.

(Supreme Court, Appellate Term, First Department.  June 21, 1916.)

TRIAL ⚖═►252(22)—INSTRUCTIONS—APPLICABILITY—FAILURE TO CALL WIT-
NESSES.

It was error to instruct that if a certain person "was in court and was
not called, after having been brought to court by" appellant, the jury
could assume her testimony would have been unfavorable to appellant,
where she was in court, but it did not appear that she was brought by
him, and there being no substantial reason why appellant should have
offered her testimony.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 505; Dec. Dig.
⚖═►252(22).]

Appeal from City Court of New York, Trial Term.

Action by John A. Freyhan against Isidor Kahn.  From a judg-
ment of the City Court on a verdict for plaintiff, and from an order
denying new trial, defendant appeals.  Reversed, and new trial or-
dered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

David Tim, of New York City, for appellant.

Sol. De Young, of New York City, for respondent.

PHILBIN, J.  This is an appeal from a judgment of the City Court
of the City of New York, entered upon the verdict of a jury in favor
of the plaintiff, and from an order denying a motion for a new trial.

The action was brought to recover damages for an alleged assault
committed by the defendant on the plaintiff at the former's place of
business.  The plaintiff was the only witness on his behalf as to the al-
leged assault.  The defendant and two other persons, who were pres-
ent on the occasion mentioned by plaintiff, testified that no assault was
committed.  While it would appear doubtful whether the verdict was
sustained by the weight of evidence, it is not necessary to consider that,
in view of the fact that the judgment must be reversed because of a
prejudicial error in the charge.  The court included in its charge the
following:

"If Mrs. Schlessinger was in court and was not called, after having been
brought to court by the defendant, the jury would have the right to assume
that her testimony would be unfavorable to the defendant."

The person so named was a sister of the defendant.  She was in
court, but there is nothing to show that she had been brought there
by him.  The only purpose for which the defendant could have called
her as a witness was to contradict the testimony of the plaintiff that,
after he left the place of the alleged assault, he called on Mrs. Shles-
singer and told her of the occurrence.  She was in complete ignorance
of the matter until plaintiff called.  There was no substantial reason
why defendant should have offered her testimony.  It is only where it
appears that a party has failed to call a witness within his control, who
could testify to facts material to the issues, that a jury is justified in
drawing such unfavorable inferences as they think warranted by the
evidence.  Kirkpatrick v. Allemannia Fire Ins. Co., 102 App. Div.

⚖═►For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

327, 92 N. Y. Supp. 466; Bleecker v. Johnston, 69 N. Y. 309. The reference so made by the learned court in its charge was not justified by the circumstances, and must be deemed to have operated to the prejudice of the defendant.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.