ISAAC PERLMAN, Appellant, *v*. GEORGE SHANCK and Others, Respondents.

First Department, June 11, 1920.

Evidence — personal injury action — presumptions — non-production by plaintiff of attending physician to testify as to injuries and duration of incapacity — application of rule to non-resident witnesses — damages — loss of service by plaintiff engaged in commercial business — limitation of damages by bill of particulars — items of damage not covered by bill.

In a personal injury action in which the plaintiff, a resident of Canada, testified to the duration of his incapacity for work after his return to his home and the character of the treatment by his home physician, but in which his home physician was not called as a witness nor his testimony taken by deposition, it was error for the court to charge that where a witness to a material point in a case can be call~d and has not been called, then the jury have a right to infer that if he had been called his testimony would be adverse to the party who failed to call him, and that if the plaintiff could not have procured the attendance of the physician he might have issued a commission to take his testimony, where the defendant offered no evidence with respect to the injuries sustained by the plaintiff or concerning his incapacity or the duration thereof resulting therefrom, and there was nothing inherently improbable in the testimony of the plaintiff concerning the duration of his incapacity or of the course of his recovery after he returned to his home.

Where in such a case any inference by the jury at all is warranted from the failure of a party to call a witness they should be instructed that they may infer that the witness would not have controverted material testimony, which he was in a position to corroborate or controvert, adverse to the party who might reasonably have been expected to call him if the testimony of the witness would have been favorable to him, or would not have corroborated material testimony for the party which he was in a position to corroborate or controvert, and that, therefore, the jury

would be warranted in accepting the testimony which was adverse to the party who thus might have controverted it if he could, and in determining the issues might take such testimony most strongly against such party; but there is no presumption of law with respect thereto, and the jury have no right to indulge in any speculation with respect to what the witness, if called, would have testified.

Generally the rule stated should be confined to witnesses within the jurisdiction of the court whose attendance upon the trial may be procured by subpoena.

Though the plaintiff, who was engaged in carrying on a commercial business, could not recover for loss of profits by reason of his enforced absence from that business, he was entitled to recover the value of the loss of time on showing what his services were worth.

It was error, therefore, for the court to exclude evidence to show the services performed by the plaintiff in his business and that he was obliged to hire another to take his place during the time he was incapacitated.

The plaintiff, who alleged in effect that he had sustained substantial damages for loss of time from his business and by being obliged to employ others, was not limited in his recovery for the loss of services by a bill of particulars made within a month after the injury which merely set forth the injuries received and the money expended for medical services and that he had been confined to his bed and would be unable to attend to his business for a long time, without specifying the amount claimed for such inability to attend to business; the bill having been made shortly after the injury the plaintiff could not state the period during which he would be incapacitated.

The plaintiff could not be limited in his recovery by the bill of particulars with respect to matters not attempted to be covered by it.

APPEAL by the plaintiff, Isaac Perlman, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Bronx on the 14th day of February, 1918, upon the verdict of a jury for $400.

*James S. Friedman,* for the appellant.

*James B. Henney* of counsel [*William S. O'Connor* with him on the brief], for the respondents.

LAUGHLIN, J.:

This is an action for damages sustained by reason of personal injuries to the plaintiff alleged to have been caused by the defendants' negligence. The grounds upon which the plaintiff seeks a reversal of the judgment are the inadequacy of the

verdict and alleged erroneous rulings in excluding evidence and in instructing the jury.

On the 29th of January, 1916, the plaintiff, who resided in Toronto, Ontario, and who was engaged there in the purchasing of fur skins and in manufacturing and selling furs, was in the city of New York on business, and while he and his brother were walking northerly on the westerly side of Fifth avenue in front of the Public Library and had their heads turned toward and were looking at the library building, an automobile owned by and operated for the defendants was negligently driven onto the sidewalk and against them, knocking them down, and one of the front wheels passed over the plaintiff's ankles. The only issue litigated was the amount of the plaintiff's recoverable damages, and the court, without objection, instructed the jury that their only duty was to assess the damages.

The court confined the recovery to the personal injuries and excluded the plaintiff's claims for loss of his services during the time he was incapacitated from working. We are of opinion that on the issue submitted to the jury there was an error in the charge which was prejudicial to the plaintiff, and that the court also erred in excluding evidence which would have afforded a basis upon which the jury might have assessed the plaintiff's damages for the loss of his time.

The plaintiff when so knocked down and run over was unable to get up or to stand on either foot and was carried to the steps of the library, and an ambulance was summoned. The ambulance surgeon bandaged his limbs and advised that he be taken to the hospital, but at his own request he was taken in a taxicab to his brother's house. There a doctor was called who administered to him temporarily, and then Dr. Kramer was summoned and he found that the plaintiff had a severe sprain of the left and a slight sprain of the right and contusions of both ankles, and a sprained right knee. The evidence with respect to the left ankle was stricken out as not embraced in the bill of particulars furnished by the plaintiff and contained in the record. Dr. Kramer treated the plaintiff while in New York city, a period of about three weeks, calling at first twice a day and later only once a day, and he called another surgeon in consultation and the right ankle was X-rayed and no fracture

found. The plaintiff was confined to his bed in New York city two weeks and then was permitted to lie in a Morris chair, and at the expiration of three weeks he returned home, and according to his testimony he was confined to his bed there for about six weeks and was treated by electricity and massage for three months by Dr. Salloway, during which time his ankle remained swollen and he could not use. it, and he testified that it pained him down to the time of trial which was two years after the accident.

In the charge the court drew attention to the fact that Dr. Salloway was not called and that his testimony was not taken by commission, as it might have been, and that as to the plaintiff's condition after he left New York there was no proof but the uncorroborated testimony of the plaintiff. At the close of the charge the attorney for the plaintiff requested the court to instruct the jury that the fact that the Canadian physician had not been called to testify was not to be taken as detrimental or prejudicial to the plaintiff. The court declined so to charge and thereupon instructed the jury that the rule of law applicable to the case was that where a witness to a material point in a case can be called and has not been called, then the jury have a right to infer that if he had been called his testimony would be adverse to the party who failed to call him, and that if the plaintiff could not have procured the attendance of the physician he might have issued a commission to take his testimony, and the attorney for the plaintiff duly excepted. Defendants offered no evidence with respect to the injuries sustained by the plaintiff or concerning his incapacity or the duration thereof resulting therefrom. There was nothing inherently improbable in the testimony of the plaintiff with reference to the duration of his incapacity or the course of his recovery after he returned home. I am unable to find anything in the record requiring that the court, in effect, suggest to the jury, as was done, that inasmuch as the Canadian physician was not called or his testimony was not procured by commission, they might infer that if he had been called, his testimony would have been adverse to the plaintiff. Under these broad instructions, it may well be that the jury understood that they were at liberty to speculate as to what the physician would have stated had he been

called. I am, therefore, of opinion that the learned court erroneously stated the general rule, even if such rule were applicable. Judicial writers in referring to the rule have not always stated it with such a degree of accuracy as to render safe its acceptance and statement without qualification in charging a jury. The failure of a party to call an employee, with whose negligence it is sought to charge him, to controvert damaging evidence offered against him has been stated to give rise to a presumption that the testimony would have been damaging to him. (*Hicks* v. *Nassau Electric R. R. Co.,* 47 App. Div. 479, 481.) It has been stated that the failure of a party to call a witness who was present at a conversation, which is in dispute, warrants the inference that the testimony would have been unfavorable to him (*Cushman* v. *De Mallie,* 46 App. Div. 379), or would not have been favorable to him. (*Kirkpatrick* v. *Allemannia Fire Ins. Co.,* 102 App. Div. 327; affd., 184 N. Y. 546.) In other instances, the courts in considering the failure of a party to call a witness within his control by being in his employ or so related to him or on such terms with him as to indicate friendliness, have stated that it gives rise to a presumption or warrants an inference by the jury that the testimony would have been adverse to the party so failing to call the witness or would have been unfavorable or prejudicial to him; but this has been usually qualified by stating what is plainly the correct rule for instructing a jury, viz., that in such circumstances the jury have a right *to accept* the testimony before them which might have been but was not controverted, and *to take it most strongly against the party* who might have controverted it but failed to do so. (*McGuire* v. *Hartford Fire Insurance Co.,* 7 App. Div. 575, 591; affd., 158 N. Y. 680; *Milliman* v. *Rochester Railway Co.,* 3 App. Div. 109, 113; *Gordon* v. *People,* 33 N. Y. 501; *People* v. *Hovey,* 92 id. 554; *Eldridge* v. *Terry & Tench Co.,* 145 App. Div. 560.) Where in such a case any inference by the jury at all is warranted from the failure of a party to call a witness, they should be instructed that they may infer that the witness would not have controverted material testimony, which he was in a position to corroborate or controvert, adverse to the party who might reasonably have been expected to call him if the testimony of the witness would have been favorable to

him, or would not have corroborated material testimony for the party which he was in a position to corroborate or controvert; and that, therefore, the jury would be warranted in accepting the testimony which was adverse to the party who thus might have controverted it if he could, and in determining the issues, might take such testimony most strongly against such party (*Schwier* v. *N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 558; *Rider* v. *Miller*, 86 id. 507); but there is no presumption of law with respect thereto, and the jury have no right to indulge in any speculation with respect to what the witness, if called, would have testified to. In other words, the case must be decided on the evidence and testimony before the jury (*Bleecker* v. *Johnston*, 69 N. Y. 309; *Reehil* v. *Fraas*, 129 App. Div. 563; revd., 197 N. Y. 64, but opinion not disapproved; *People* v. *Smith*, 113 App. Div. 396, 401; *Neale* v. *Nassau Electric R. R. Co.*, 161 id. 95; *Sugarman* v. *Brengel*, 68 id. 377; *Baldwin* v. *Brooklyn Heights R. R. Co.*, 99 id. 496.) It has been held that the rule is not applicable to cumulative evidence, such as that here involved (*Baldwin* v. *Brooklyn Heights R. R. Co., supra; Neale* v. *Nassau Electric R. R. Co., supra; Sugarman* v. *Brengel, supra;* 5 Abb. N. Y. Dig. 847. See, also, *Freyhan* v. *Kahn*, 159 N. Y. Supp. 640), but I think it might be applicable in some such cases, and not in others, depending on the quantum of evidence produced on the issue, and that ordinarily it would be a circumstance to be given such weight in weighing the evidence as to the jury seemed warranted. It would seem, therefore, that, ordinarily at least, the rule should be confined to witnesses within the jurisdiction of the court whose attendance upon the trial might be procured by subpœna. (*Reehil* v. *Fraas, supra,* 566.) The issuance of a commission always involves expense and may delay the trial of the issue. Plaintiff may not have been able or it may not have been convenient for him to bear the expenses of having the testimony of the Canadian doctor taken by commission, and he may have been anxious to obtain a speedy trial, which the taking of such testimony might have delayed. The testimony of the physician would only have been cumulative with respect to the extent and continuance of plaintiff's disabilities. If there were anything improbable in the plaintiff's testimony which might have been

corroborated by the testimony of the physician, perhaps the jury might have been warranted in inferring that the physician would not have corroborated the plaintiff with respect to such testimony, but that I think is the utmost extent to which they would be warranted in indulging in inferences in such circumstances. The exception to this instruction was, therefore, well taken.

Counsel for the plaintiff recognized that his client's case fell within the rule that where a person is carrying on a commercial business with a substantial capital investment, there can be no recovery for loss of profits (*Kronold* v. *City of New York*, 186 N. Y. 40; *Spreen* v. *Erie R. R. Co.*, 219 id. 536),' but he strenuously insisted that the plaintiff was entitled to recover the value of the loss of his time on showing what his services were worth, and on that contention he was clearly within his rights. (*Spreen* v. *Erie R. R. Co.*, *supra; Masterton* v. *Village of Mount Vernon*, 58 N. Y. 391; *Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 id. 58; *Weir* v. *Union R. Co.*, 188 id. 416.) The court erroneously ruled that in such circumstances there could be no recovery for loss of services, and excluded competent evidence offered to show the services performed by the plaintiff in his business and that he was obliged to hire another to take his place in his business during the time he was incapacitated, and by so ruling prevented the plaintiff from showing by such proof the reasonable value of his services which were lost to his business for the period of his disability. The complaint contains general allegations to the effect that the plaintiff sustained substantial damages for loss of time from his business and by being obliged to employ others. Those allegations were sufficient, if not limited by a bill of particulars, to authorize a recovery for the loss of plaintiff's services. (*Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264; *Carples* v. *N. Y. & H. R. R. Co.*, 16 App. Div. 158; *Keiffert* v. *Nassau Electric R. R. Co.*, 51 id. 301; *Frobisher* v. *Fifth Avenue Transportation Co.*, 151 N. Y. 431.) The bill of particulars in the record sets forth the injuries of which the plaintiff complains and his expenditures for medical treatment and for medicines, and states that until the date thereof, which was February 16, 1916, he had been confined to his bed and unable to attend to his business and that for a long time to come he

would be unable to walk and to attend to his business, but does not specify the amount claimed for such inability to attend to business. The bill of particulars having been furnished within a month after the accident, it is evident that the plaintiff could not with any degree of certainty have stated the period during which he would be disabled; but whether he could or not is immaterial, for the record contains no demand or order for a bill of particulars, and in such circumstances, while it may be proper to confine him to the bill of particulars in so far as he has particularized, there is no justification for limiting him to the bill of particulars with respect to matters not attempted to be covered by it.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Judgment reversed and a new trial ordered, with costs to appellant to abide event.