HENRY VOLLMER, Respondent, *v.* THE AUTOMOBILE FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

Third Department, November 15, 1923.

**Insurance — action to recover on automobile fire insurance policy — statement of insured that automobile was fully paid for not false though part payment was made by note — error for court to charge that jury might draw unfavorable inferences from failure of defendant to call seller of automobile where collusion between buyer and seller was charged and plaintiff's case was not strong — error to refuse to charge that bill of sale to defendant was not intended as transfer.**

In an action to recover on a fire insurance policy for the loss of an automobile, the defense that the plaintiff misrepresented that the automobile was fully paid for at the time the policy was issued is not supported by proof that the plaintiff gave a promissory note to cover the purchase price or part thereof and did not pay for the automobile with cash.

It was error for the court to charge that the failure of the defendant to call the seller of the automobile who was present in court for the purpose of controverting the testimony of the plaintiff would justify the jury in drawing an unfavorable inference against the defendant. since it appears that the defendant charged in its answer that the seller and the plaintiff had a corrupt understanding whereby the seller was to benefit from the destruction of the automobile and the payment of the

insurance money, and for the further reason that the plaintiff's case was a very weak one as to the *bona fides* of the sale in view of the fact that he had previously testified falsely on an examination before trial and, therefore, it was as necessary for the plaintiff to corroborate his testimony which he could have done if true by the testimony of the seller, as it was for the defendant to controvert the plaintiff's testimony.

It was error for the court to refuse to charge that the bill of sale of the automobile was colorable merely and that no sale was intended to be made to the plaintiff.

APPEAL by the defendant, The Automobile Fire Insurance Company of Hartford, Connecticut, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 8th day of May, 1923, upon the verdict of a jury.

*Charles P. Jones* [*Andrew J. Nellis* of counsel], for the appellant.

*Sherman & Chernin* [*Bernard H. Chernin* of counsel], for the respondent.

HASBROUCK, J.:

On or about April 8, 1921, plaintiff claims he bought a second-hand Marmon car of C. E. Lair for $3,200 and paid him $300 and gave him a note for $2,900. The license upon the car during Vollmer's alleged ownership was a dealer's license of the said Lair.

On May 17, 1921, the car while being driven late at night by plaintiff was destroyed by fire. On the fourteenth of April the car was insured by the Automobile Insurance Company of Hartford, Conn. Thereafter on May twelfth the premium of $52.50 was paid by the plaintiff. After the fire in May, 1921, the loss was adjusted by the defendant, and the policy and a release, receipt and bill of sale were forwarded to the defendant. Payment was understood to remain contingent upon an investigation by the company. June 11, 1921, plaintiff wrote a letter to Mr. Jones, an attorney of the defendant, requesting him to forward the check to C. E. Lair to pay him for the car. This request was revoked before the trial. The plaintiff was examined before the trial and testified that he paid Charles E. Lair $3,200 cash for the car; that he had paid $1,000 in cash for the car; that he made the balance of the payment by borrowing; that he got the $3,200 from Fred Troutman, his uncle. He admitted upon the trial that none of such testimony was true. An action was brought upon the policy January 20, 1922. The affirmative defenses set up in the answer were: (1) That Lair was the true owner of the car; (2) that the plaintiff caused the destruction of the car by fire; (3) that the plaintiff was not the sole owner; (4) that the plaintiff misrepresented the fact of purchase in stating that the car was fully paid for. A trial has been had, a verdict rendered for the plaintiff for $2,600 and judgment entered.

The appeal brings up for review four claims of error, three of which I shall consider.  1. That of misrepresentation with regard to payment.  It is admitted that the car was not fully paid for by cash.  The language of the policy is: " The automobile described is fully paid for by the assured, and is not mortgaged or otherwise incumbered except as follows: no exceptions."  I assume that the assured represented that he made no exception to the statement that the car was fully paid for.  Thus the statement would be false except for the rule which requires that the language used must be interpreted against the company preparing the contract where its meaning is susceptible of more than one interpretation.  (*Mt. Vernon Refrigerating Co.* v. *Wolf Co.*, 188 Fed. Rep. 164; *Moran* v. *Standard Oil Co.*, 211 N. Y. 187; *Simon* v. *Etgen*, 213 id. 589; 2 Williston Cont. § 672.)

The word " pay " means to satisfy by other means than cash as well as by cash.  (See Century Dict.)  Under such circumstances it must follow that the representation may be true, for cash and a promissory note to pay the balance satisfied the seller.  (1 Pars. Cont. [6th ed.] 470.)

Any other construction would lead to absurdities.  If the purchaser had exchanged cars with the seller or given cash and any other property to satisfy the seller the seller would be paid in full. If this were not so it would invalidate insurance upon every car for which a purchaser had given a note in payment who had not noted the exception required by the policy.  When we examine the entire contract the soundness of this construction becomes more apparent.  The policy says it shall be void if the ownership of the assured be other than " sole and unconditional."  If there were ownership in the plaintiff at all it might have been found by the jury to have been of that character.

The second error claimed is that the trial judge erred in his charge in instructing the jury as follows: " It is the law of this State that unless the absence of a material witness within the control or reach of a party is explained, the jury have the right to accept the testimony before them which might have been but was not controverted and to take it most strongly against the party who might have controverted it but failed to do so.  Mr. Lair sat there." The defendant argues that it was not required to call Lair for the reason that he had been charged in the answer with having a corrupt understanding with the plaintiff by which he was to benefit from the destruction of the car and the insurance and that he was the true owner of the car.  As we shall see, there is force in such argument.

If the neglect of the defendant to call Lair was based upon these charges, then refusing to produce him is explained.

I take it under this charge absence may be held to be the equivalent of failure to produce. The charge as objected to measured by these standards appears to be correct. (*Perlman* v. *Shanck,* 192 App. Div. 179; *McGuire* v. *Hartford Fire Ins. Co.,* 7 id. 591; affd., 158 N. Y. 680; *Schwier* v. *N. Y. C. & H. R. R. R. Co.,* 90 id. 558.)

It is argued that there was no duty resting on the plaintiff to call Lair to corroborate his testimony since such testimony might be regarded as merely cumulative. (*Baldwin* v. *Brooklyn Heights R. R. Co.,* 99 App. Div. 496; *Neale* v. *Nassau Electric R. R. Co.,* 161 id. 95.)

But here the only testimony given was by the plaintiff whose testimony might be affected by his interest in the case. Its credibility was open to serious question because of the deliberate falsehoods to which he confessed.

It seems to me, therefore, that the obligation to escape the inference that Lair's testimony would not corroborate plaintiff was upon the plaintiff. Upon this subject Mr. Justice LAUGHLIN, writing for the Appellate Division of the First Department in *Perlman* v. *Shanck* (*supra*), said of the failure to call a witness: " Where in such a case any inference by the jury at all is warranted from the failure of a party to call a witness, they should be instructed that they may infer that the witness would not have controverted material testimony, which he was in a position to corroborate or controvert, adverse to the party who might reasonably have been expected to call him if the testimony of the witness would have been favorable to him, or would not have corroborated material testimony for the party which he was in a position to corroborate or controvert."

Continuing, he said on the rule regarding cumulative testimony before adverted to, " I think it might be applicable in some such cases, and not in others, depending on the *quantum* of evidence produced on the issue." Under all the circumstances I think the instruction was wrong in applying it to the failure of the defendant to seek from Lair controverting evidence rather than to the failure of the plaintiff to seek from him corroborating evidence. For the *quantum* of evidence of the plaintiff on the subject of the *bona fides* of the sale was extremely thin. It should be left for the jury to say whether the one party needed corroboration more than the other party needed denial of material facts and to hold the inference well drawn as to the party who stood in the greater need of the testimony of the witness he might have been reasonably expected to call. When a witness might reasonably be supposed to be affected by some interest or feeling adverse to a party he should

not reasonably be expected to call him nor have any unfavorable inference drawn against him because he failed to call him.

The third error claimed was in refusing to charge defendant's request " that the jury may find upon the entire facts that that bill of sale was colorable merely and was not intended to transfer the title." It seems to me that there was evidence before the jury upon which they might have found that fact. The plaintiff was impeached by his own admission as to the source of the money by which he claimed before Referee Cassedy that he paid for the car. The car was second-hand and the price of $3,200 may have the appearance of being excessive. The car burned five days after the insurance premium was paid. After the adjustment of loss the plaintiff directed the company to pay the money to Lair.

For the errors indicated I think the judgment should be reversed and a new trial granted, with costs to abide the event.

H. T. Kellogg, Van Kirk, Hinman and McCann, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.