In the Matter of the Claim of GEORGE NORDSTROM, Respondent, against DOMESTIC ELECTRIC COMPANY, INC., and Another, Appellants.    STATE INDUSTRIAL BOARD, Respondent.— Motion denied.    Present — Cochrane, P. J., Van Kirk, McCann, Davis and Whitmyer, JJ.

In the Matter of the Claim of JACOB SHUB and Another, Respondents, against ADVANCE BATTERY CORPORATION and Another, Appellants.    STATE INDUSTRIAL BOARD, Respondent.— Motion denied.    Present — Cochrane, P. J., Van Kirk, McCann, Davis and Whitmyer, JJ.

In the Matter of the Claim of LORENZO DI CARO, Respondent, against A. ABBANDANZA BROS. and Another, Appellants.    STATE INDUSTRIAL BOARD, Respondent.— Motions denied.    Present — Cochrane, P. J., Van Kirk, Hinman, Davis and Whitmyer, JJ.

In the Matter of the Claim of ANNA M. HANSEN, Respondent, against THOMPSON-STARRETT COMPANY, Appellant.    STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board.    Present — Cochrane, P. J., Hinman, McCann, Davis and Whitmyer, JJ.

THOMAS H. CLEARY, Respondent, v. SPA KNITTING COMPANY, INC., Appellant, and WALTER HEFFNER, Defendant.— Judgment and order as to the appellant Spa Knitting Company, Inc., reversed on the law, and new trial granted to the appellant, with costs to abide the event, on the ground of prejudicial error of the trial court in refusing to instruct the jury as to the effect of the failure to call the defendant Heffner as a witness.    Cochrane, P. J., Hinman and McCann, JJ., concur; Davis and Whitmyer, JJ., dissent on the ground that it appears that the defendant Heffner was an employee of the defendant corporation for a long time prior, and also for several months subsequent, to the accident, and that there was no duty on the part of the trial justice to charge as a matter of law that there was no obligation on the defendant corporation to call the codefendant Heffner and that no inference can be drawn from the failure to call him, or that it was just as much an obligation on the plaintiff to call the codefendant Heffner as there was upon the defendant corporation.    (See *Schwier* v. *N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 558, 564; *Hicks* v. *Nassau Electric R. R. Co.*, 47 App. Div. 479, 481; *Treuhaft* v. *Bender*, 193 id. 666.)