WILHELM KUNKEL, Respondent, v. NEW YORK CANAL AND GREAT LAKES CORPORATION and Others, Defendants, and MUNSON INLAND WATER LINES, INC., Appellant.— Judgment and order reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event. The plaintiff has failed to show that there was negligence on the part of the defendant in that it provided for use a defective gangplank; or that proper and reasonable precautions for the safety of its employees required that the one used should be fastened at one end or otherwise secured. Young, Kapper, Scudder and Davis, JJ., concur; Lazansky, P. J., dissents upon the ground that there were questions of fact for submission to the jury and their determination should not be disturbed.

BECKIE LACOV, Respondent, v. OCEAN AVENUE BUILDING CORPORATION and Others, Defendants, and SIMON NEWMAN and "REBECCA" NEWMAN, His Wife (the Name "Rebecca" Being Fictitious, the Said Defendant's True Name Being Unknown to the Plaintiff), Appellants.*— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

MAX LEFKOWITZ, Respondent, v. MOTOR HAULAGE CO., INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Young, Kapper, Carswell, Scudder and Davis, JJ.

ELEANORA McDUFFIE, Respondent, v. THIRD AVENUE RAILWAY COMPANY, Appellant, and HARRY HOLTZMAN, Defendant.— Judgment reversed upon the law and a new trial granted, costs to appellant to abide the event. We are of opinion that the court erroneously charged the jury at the request of counsel for the plaintiff at folios 397–398. This charge permitted the jury to speculate as to whether the defendant had witnesses that it had failed or neglected to call in the absence of proof in the record that there were such witnesses. The importance of such speculative testimony was also left to the jury. There was no proof in the record that the appellant had under its control any other witnesses to the accident whom it could have called, or any witnesses under its control whom it failed to call. Even if the rule were applicable, it was not correctly charged. (See *Perlman* v. *Shanck*, 192 App. Div. 179, 183.) We are of opinion that the statement made by the witness Levy to the plaintiff, received in evidence over defendant, appellant's objection, was harmless. Even if the defendant, appellant, had not made the witness its own at the time it recalled Levy, the statement offered in evidence by the plaintiff meant little and was harmless and standing alone would not justify a reversal. Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Kapper, J., dissents and votes to affirm upon the ground that the request to charge complained of and upon which the reversal is predicated was innocuous and in no wise affected the result.

HENRY MEYERHOFF and ETTA KOENIG, Appellants, Respondents, v. WILLIAM T. NEMEROV and IRVING A. NEMEROV, Individually and as Copartners Doing Business under the Name and Style of NEMEROV & NEMEROV, and Another, Respondents, Appellants.— Judgment and orders unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ.

DELIA MORAN, as Administratrix, etc., of MICHAEL MORAN, Deceased, Respond-

---

* Revd., 257 N. Y. 362.