EDWARD ORSOLITS, Respondent, v. H. HYMAN DRUM & BARREL CORP., Appellant.— Judgment and order affirmed, with costs. Memorandum: The negligence of the defendant's employees was a clear question of fact upon which the evidence is sufficient to sustain the verdict. That portion of the charge in regard to the inferences which may be drawn from the failure to call defendant's president, Harry Hyman, as a witness, which charged that the jury might infer that "the evidence, if given, would be unfavorable to the defendant," might well be, standing alone, erroneous. (Galbraith v. Busch, 267 N. Y. 230, 233; Perlman v. Shanck, 192 App. Div. 179; Raimondo v. Fairchester Bakers, 265 App. Div. 861. Contra, see Hicks v. Nassau Elec. R. R. Co., 47

App. Div. 479, and *Masterson* v. *Solomon,* 191 Misc. 635, affd. 275 App. Div. 861, affd. 300 N. Y. 545.) However, when this portion of the charge is read in the light of the facts disclosed by the record, and particularly in connection with the entire charge on the subject, in which the jury was instructed that it might infer " that the witness if produced would not corroborate the defendant " and, further, that " There is no presumption that attaches to such a situation, and the jury may not speculate on what testimony such witness might give," we do not feel the error was prejudicial. All concur. (Appeal from a judgment for plaintiff in a negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.